LAYTON v. CREGAN & MALLORY CO., INC.

1. MOTOR VEHICLES—NEGLIGENCE—EVIDENCE—INSURANCE.

Where, in action for personal injuries alleged to have been caused by defendant's automobile, due to negligence of its driver, defendant denied ownership or that driver was its employee or agent, insurance policy, if it shows ownership, is admissible in evidence for that purpose.

2. SAME—WHEN REFERENCE TO INSURANCE PREJUDICIAL.

Reference to insurance, in presence of jury, in action for injuries inflicted by automobile, is prejudicial only where matter of insurance is not relevant and is injected into case for purpose of prejudicing jury.

3. DISCOVERY—COURT RULE.

Where, in action for personal injuries inflicted by automobile, issues involved were as to whether car was being driven with knowledge and consent of defendant, alleged owner, and whether driver was employed by defendant or was acting within scope of his employment at time of accident, and report of accident to insurance company and other papers in defendant's possession would throw light on said issues, plaintiff was entitled to their production in order that she might prepare for trial, under Court Rule No. 40 (1931).

4. SAME—COURT RULE—PROCEDURE.

Where certain papers in possession of defendant, foreign corporation, are deemed necessary by plaintiff to enable her to prepare for trial, she is entitled to order requiring defendant to produce them (Court Rule No. 40 [1931]), although access thereto could be obtained through service of *subpoena duces tecum* in foreign jurisdiction and deposition taken there under Court Rule No. 41 (1931).

Appeal from Kalamazoo; Weimer (George V.), J. · Submitted February 6, 1933. (Calendar No. 37,-056.) Decided May 16, 1933.

Action by Josephine Layton against Cregan & Mallory Company, Inc., a foreign corporation, for personal injuries alleged to have been due to the negligence of defendant's servant. On petition of plaintiff for production of insurance policies and correspondence. From order granting petition, defendant appeals. Affirmed.

*Adams, Van Horn & Bloem,* for plaintiff.

*Dunham & Allaben,* for defendant.

McDONALD, C. J. This is an appeal from an order of the circuit court requiring the production of insurance policies and certain correspondence which the plaintiff claims are necessary to enable her to prepare for trial.

The plaintiff was injured in an automobile accident. The car in which she was riding came into collision with a car driven by one Forrest Baum. It is claimed that the car belonged to the defendant, and that Baum was employed to drive it, and that he did so negligently, by reason of which plaintiff sustained her injuries. Suit was begun by the plaintiff. The defendant filed an answer to the declaration, in which it denied the ownership of the car or that Forrest Baum was its employee or was driving the car in the performance of any duty in its behalf.

After the pleadings were in, the plaintiff filed a petition under Court Rule No. 40 (1931), for an order requiring the defendant to produce its insurance policies covering the automobile and personal correspondence between the defendant and the insurance company in relation to the accident. Such an order was entered, and the defendant appealed.

It is first contended by the defendant that the plaintiff is not entitled to a discovery because it calls

for matters entirely foreign and irrelevant to the issue. We do not think so. The ownership of the car was put in issue by the pleadings. If the insurance policy shows ownership, it is admissible in evidence for that purpose. Counsel's fear that other portions of the policy dealing with insurer's contract to pay, etc., would get before the jury, is groundless, for we may assume that the court would not permit irrelevant portions to be introduced or called to the jury's attention. Of course, the fact that the defendant was insured would get into the case, and defendant urges that in these cases, both by our decisions and by statute, any reference to insurance in the presence of the jury is prejudicial. That is true only where the matter of insurance is not relevant and is injected into the case for the purpose of prejudicing the jury.

What we have said in regard to the insurance policy applies as well to the correspondence between defendant and insurer concerning the accident. One of the issues is whether the car was being driven by Forrest Baum with the knowledge and consent of the defendant, and whether he was employed by the defendant or acting within the scope of his employment at the time of the accident. Undoubtedly, the report of the accident and other papers in defendant's possession would throw some light on these issues. Under the discovery rule, the plaintiff was entitled to their production in order that she might prepare for the trial. But the defendant contends that though the insurance policy and correspondence are relevant, the discovery rule does not apply because they can be obtained by other and more regular means, viz., deposition and *subpœna duces tecum.*

The defendant is a Delaware corporation with its principal office in Auburn, Indiana. Though *subpœna duces tecum* cannot be served in this State, it probably could be in Indiana, and depositions taken there under Court Rule No. 41 (1931). However, that method of obtaining access to the papers would be more expensive and more inconvenient for both parties. We know of no reason why plaintiff should be compelled to take that course rather than the simple and less troublesome method provided in Court Rule No. 40 (1931). There seems to be no injustice in requiring the defendant to produce the papers in the court where the issues are to be tried.

The order of the circuit court is affirmed, with costs to the plaintiff.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.