## ORGEL v. McCURDY et al.

United States District Court
S. D. New York.

Nov. 26, 1948.

Arthur I. Goldstein, of New York City (Alexander E. Rosenthal, of New York City, of counsel), for plaintiffs.

Alfred Sobol, of New York City, for defendant Garford Trucking, Inc.

HULBERT, District Judge.

This is a motion by plaintiff for an order requiring defendant Garford Trucking, Inc., by its office manager to testify on examination before trial on all issues relating to any liability insurance carried by said defendant upon the motor vehicle of defendant McCurdy at the time and place of the accident which is the basis of the cause of action.

Defendant objects to examination on these matters on the ground that the "injection of this issue in the trial of this action will seriously prejudice the defendant Garford in its defense and would have no probative value on the contested issue of operation and control of the vehicle involved in the accident." Defendant also asserts that the plaintiff "by seeking to examine the defendant Garford on the issue of liability insurance, is attempting to spell out operation and control from the fact of insurance liability coverage, when, as a matter of fact, whether the defendant Garford had liability insurance coverage on the vehicle in question at the time of the accident would depend on whether the said motor vehicle was under its operation and control."

Parties are allowed broad limits in conducting examinations before trial. See, for example, the decision of the Court of Appeals for this Circuit in Hoffman v. Palmer, 2 Cir., 1942, 129 F.2d 976, 997, affirmed 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719, in which it is said:

"At any rate, the old 'fixed principle' of keeping the opponent in the dark as to the tenor of the evidence in one's possession is now out of date. The appendant rule here in question is equally so. It is as anachronistic as the buttons on the sleeve of a man's coat; but such a legal rule "is more important than coat-sleeve buttons. As it cannot be reconciled with the liberality as to depositions and discovery contained in the new Rules, we reject it."

The information sought by an examination must be relevant to the subject matter of the pending action. Stevenson v. Melady, D.C.S.D.N.Y.1940, 1 F. R.D. 329. Under Federal Rules of Civil Procedure, rule 26(b), 28 U.S.C.A., it is not necessary to establish the admissibility of the testimony; it is sufficient that the inquiry be made as to matters generally

bearing on the issue and relevant thereto. Mackerer v. New York Central R. Co., D. C.E.D.N.Y.1940, 1 F.R.D. 408. See also Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469, 472:

"For by the extensive discovery practice of the new rules, examination before trial may be had not merely for the purpose of producing evidence to be used at the trial, but also for discovery of evidence, indeed, for leads as to where evidence may be located."

And in 2 Moore's Federal Practice, § 26, p. 14, it is said:

"The Rules contemplate that ordinarily the deponent shall answer all questions except those to which he objects on the ground of privilege and that all other objections shall be saved until the actual trial."

The admissibility of any evidence elicited by this examination will be a matter for a ruling by the trial judge.

On the basis of the foregoing authorities the motion is granted because the testimony plaintiff seeks may be generally relevant to the issues in the case. Bough v. Lee, D.C.S.D.N.Y.1939, 26 F.Supp. 1000; Id., D.C.S.D.N.Y.1939, 28 F.Supp. 673.

Motion granted.

Settle order on notice.