Andy HURT, Administrator of the Estate of Lillian Hurt, Deceased, and Andy Hurt, Individually, and Helene Hurt, An infant 15 years of age who sues by her father and next friend, Andy Hurt, and Susanne Hurt, An infant 6 years of age who sues by her father and next friend, Andy Hurt, Plaintiffs,

v.

Matel COOPER, Executrix of the Estate of Jacob Cooper, Defendant.

No. 679.

United States District Court
W. D. Kentucky,
Bowling Green Division.

Aug. 7, 1959.

J. D. Raine, Louisville, Ky., Cecil C. Wilson, Glasgow, Ky., for plaintiffs.

Robert P. Hobson, Woodward, Hobson & Fulton, Louisville, Ky., for defendant.

SWINFORD, District Judge.

The record is before the court on the objections to Interrogatories 1, 2 and 3, propounded to the defendant on July 16, 1959. The interrogatories are:

1. Was there a policy of liability insurance in force and effect on the vehicle being driven by Jacob Cooper on the date of the accident about which this suit has arisen?

2. If your answer is yes to question No. 1, then state the name and address of the insuring company, and the limits of liability of said policy.

3. If your answer to question No. 1 is that you do not know, then obtain the information, and if any such insurance was in effect, then obtain complete copies of the policy and deliver same to plaintiffs' attorney for purposes of discovery.

Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., provides that interrogatories may be served upon an adverse party to be answered by him and may relate to any matters which may be inquired into under Rule 26(b), Federal Rules of Civil Procedure. Rule 26(b) provides for the scope of the examina-

3. See Note 2.

tion. The deponent may be examined regarding any matter relevant to the subject matter involved in the action, "whether it relates to the claim or defense of the examining party or to the claim or defense of any other party * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

There is no interpretation of Rule 33 by the Supreme Court or the appellate court for this circuit in this relation. One line of reasoning expressed by Judge Robert L. Taylor in McNelley v. Perry, D.C.E.D.Tenn., 18 F.R.D. 360, is followed by Judge Briggle, Chief Judge of the Southern District of Illinois, in the case of Roembke v. Wisdom, 22 F.R.D. 197. These cases hold that inquiry as to whether defendant had insurance at the time of an automobile collision was not reasonably calculated to lead to discovery of admissible evidence and interrogatories on such questions would not be permitted.

With this construction of the rule I cannot agree, but I am in full accord with the view taken by the Kentucky Court of Appeals on a similar state rule (Rules 26.01 and 26.02, Kentucky Rules of Civil Procedure) wherein it was held that such questions were within the scope of pre-trial examination and the defendant should be required to answer the questions. Maddox v. Grauman, Ky., 265 S.W.2d 939, 942, 41 A.L.R.2d 964.

In the Kentucky case, Judge Brady Stewart, writing the opinion for the court, said:

"If the insurance question is relevant to the subject matter after the plaintiff prevails, why is it not relevant while the action pends? We believe it is. An insurance contract is no longer a secret, private, confidential arrangement between the insurance carrier and the individual but it is an agreement that embraces those whose person or property may be injured by the negligent act of the insured. We con-

clude the answers to the propounded questions are relevant to the subject matter of the litigation and within the spirit and meaning of CR 26.02. See Brackett v. Woodall Food Products, Inc., D.C., 12 F.R.D. 4; Orgel v. McCurdy, D.C., 8 F.R.D. 585; Superior Insurance Company v. Superior Court in and for Los Angeles County, 37 Cal.2d 749, 235 P.2d 833."

I am of the opinion that the objections to the interrogatories should be overruled. An order to that effect is this day entered.