Mildred E. SCHWENTNER, Plaintiff,

v.

Ernest WHITE, Defendant.

Civ. No. 840.

United States District Court
D. Montana,
Missoula Division.

Dec. 4, 1961.

Smith, Boone & Rimel, Missoula, Mont., for plaintiff.

Garlington, Lohn & Robinson, Missoula, Mont., for defendant.

WILLIAM D. MURRAY, Chief Judge.

In this action plaintiff seeks to recover damages for personal injuries sustained on or about September 4, 1960, when a boat in which she was riding struck a cable maintained by defendant between the mainland and Cromwell Island in Flathead Lake, Montana. In the first cause of action it is alleged that said Flathead Lake is a navigable body of water of the United States, and that said cable, constituting an obstruction to navigation, was maintained by said defendant without the consent of the Congress of the United States or the approval of the Chief of Engineers or the Secretary of the Army, and that it was not maintained under any authority of the Legislature of the State of Montana. The second cause of action alleges negligence on the part of defendant in maintaining the cable at such a height above the surface of the lake that small boats could not pass under it without striking it.

Plaintiff submitted a series of interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C. Included in the interrogatories were the following:

"20. Are you insured by any policy of General Liability Insurance?

"21. If the answer to Question No. 20 is 'Yes', state the name of the Company issuing such policy, and the amount of the coverage."

Defendant objected to answering these interrogatories on the ground that they were irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence in said action.

In his argument and brief in support of his objections to these interrogatories, defendant recognizes that Judge Jameson of this court, on March 6, 1961, in an exhaustive opinion, ordered the defendant to answer similar interrogatories in the case of Johanek v. Aberle, D.C., 27 F.R.D. 272. However, defendant points out that the Johanek case involved an automobile accident, and argues that in ordering discovery concerning automobile liability insurance in that case, Judge Jameson relied heavily on the public policy of the State of Montana with regard to automobile accidents and automobile liability insurance expressed in the Montana Motor Vehicle Safety-Responsibility law, R.C.M.1947, § 53–418 et seq., and that this not being an automobile accident case, such consideration is not present and the Johanek case does not apply.

A reading of the opinion in the Johanek case indicates that while Judge Jameson considered and in part relied on the Montana Safety-Responsibility law in ordering discovery, his decision was likewise influenced by other considerations. He cited and considered the California cases of Superior Insurance Co. v. Superior Court in and for Los Angeles County, 1951, 37 Cal.2d 749, 235 P.2d 833; Laddon v. Superior Court, 1959, 167 Cal.App.2d 391, 334 P.2d 638; and Pettie v. Superior Court of Los Angeles County, 1960, 178 Cal.App.2d 680, 3 Cal.Rptr. 267, and the Illinois case of People ex rel. Terry v. Fisher, 1957, 12 Ill.2d 231, 145 N.E.2d 588. In those cases it was held that a plaintiff had a discoverable interest in a defendant's liability insurance policy because statutes of California and Illinois required that all public liability insurance policies covering bodily injury, issued in

those respective states, contain a provision permitting injured persons who first obtained a judgment against the insured to proceed to enforce that judgment directly against the insurer. Judge Jameson pointed out that while Montana had no such statute, the standard automobile liability insurance policy contained a provision permitting an injured person to proceed directly against the insurer after he had first obtained a judgment against the insured, and held that such right to proceed against the insurer after judgment, whether by virtue of a statute or by virtue of the policy provisions, should permit discovery of the policy provisions in the personal injury action. While there is no way yet of knowing whether, if defendant in the case at bar does have public liability insurance, the policy contains a provision permitting plaintiff to proceed directly against the insurer if she obtains a judgment against defendant, it is likely that the policy would contain such provision. The possibility that an insurance policy may exist conferring such right upon the plaintiff is alone sufficient to make inquiry relative thereto relevant to the subject matter of the personal injury action.[1]

In addition the Johanek opinion points out the possibility that disclosure of the existence or nonexistence of public liability insurance and the limits thereof may lead to the disposition of the action by settlement or otherwise. That this is a very real possibility is demonstrated by the fact that on the very day the objections to the interrogatories were heard in this matter, two long-pending cases were dismissed in this court on motion of the plaintiffs for the stated reason that it had finally been determined that there was no liability insurance and the defendants were judgment proof. Had discovery procedures similar to those in question here been instituted and allowed in those cases, their removal from the docket would have occurred at a much earlier date.

It was also pointed out in the Johanek decision the role that insurance companies play in litigation against their insureds, virtually becoming substituted as a party to the action, and the importance to the plaintiff of knowing who his real adversary is.

In Rolf Homes, Inc. v. Superior Court In and For San Mateo County, 186 Cal.App.2d 876, 9 Cal.Rptr. 142, discovery concerning public liability insurance was ordered in an action for alleged malpractice and fraud against civil engineers. In ordering discovery, the Court was influenced by the considerations set forth herein and in the Johanek case. The significance of the case, however, is that it did not involve personal injury, so the California statute relied on in the Superior Insurance Co., Laddon and Pettie cases, above referred to, had no application, and still discovery was permitted. This appears to the Court to be the proper approach to this problem.

Therefore, the defendant's objections to interrogatories 20 and 21 are overruled, and the defendant is granted 10 days from the date of receipt of this order within which to answer said interrogatories.

1. Under Rule 33 interrogatories may relate to any matters which can be inquired into under Rule 26(b). Under Rule 26(b) any matter not privileged, which is *relevant to the subject matter involved in the pending action* may be inquired into.

The term "relevant to the subject matter" is much more comprehensive than the term "relevant to the issues". 4 Moore's Fed.Practice, 2d Ed. § 26.16, p. 1065; 2 Barron & Holtzoff, § 647.