Betty K. FURUMIZO, Cynthia H. Furumizo, a minor, by Betty K. Furumizo, her Guardian Ad Litem, and Betty K. Furumizo, Administratrix of the Estate of Robert Takeo Furumizo, Deceased, Plaintiffs,

v.

UNITED STATES of America, and Baker Aircraft Sales, Inc., Defendants.

Civ. No. 2091.

United States District Court
D. Hawaii.

April 23, 1963.

E. D. Crumpacker, of Crumpacker & Sterry, Honolulu, Hawaii, for plaintiffs.

Frank D. Padgett, of Robertson, Castle & Anthony, Honolulu, Hawaii, for Baker Aircraft Sales, Inc.

TAVARES, District Judge.

In this action the plaintiffs allege that the death of their decedent in the crash of an airplane was caused by the negligence of employees of the defendants and seek damages therefor. The plaintiffs have submitted interrogatories to the defendant, Baker Aircraft Sales, Inc., interrogatories 5 to 9 thereof, inclusive, endeavoring to elicit information as to whether said defendant, at the time of the crash, had insurance which would cover its alleged liability and, if so, the name of the insurance carrier and the limits of its liability on the policy.

Said defendant has filed objections to interrogatories 5 to 9, inclusive, on the ground that "the answers thereto would not be relevant to any issue in this case."

Under Federal Rules of Civil Procedure, Rule 33, interrogatories
"may relate to any matters which can be inquired into under Rule 26 (b)."

Under Rule 26(b)

"Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

There is a conflict in the authorities on this point.[1] The problem is thoroughly analyzed in Johanek v. Aberle (1961) D.C., Montana, 27 F.R.D. 272, and in 2A Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 647.1. This Court agrees with the conclusions of the Court in Johanek v. Aberle.

This Court is of the view that the subject matter of these interrogatories is relevant to the subject matter involved in this pending action and that they are within the spirit and meaning of Rule 26(b). As was said in Maddox v. Grauman (1954), Ky., 265 S.W.2d 939, 41 A. L.R.2d 964, under a similar state rule:[2]

"If the insurance question is relevant to the subject matter after the plaintiff prevails, why is it not relevant while the action pends? We believe it is. An insurance contract is no longer a secret, private, confidential arrangement between the insur-

ance carrier and the individual but it is an agreement that embraces those whose person or property may be injured by the negligent act of the insured. We conclude the answers to the propounded questions are relevant to the subject matter of the litigation and within the spirit and meaning of CR 26.02.  *  *  *"

The objections to said interrogatories are overruled.

---

1. 2A Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 647.1.

2. Quoted and followed in Hurt v. Cooper (1959), D.C., Ky., 175 F.Supp. 712.