Joyce ASH, on behalf of and as mother, next friend and natural guardian of John W. Franks, Jr., Jerry Dale Franks and Jacqueline Ann Franks, minor children of John W. Franks, deceased, Plaintiffs,

v.

Ronald G. FARWELL, Defendant.

No. T-3576.

United States District Court
D. Kansas.

Jan. 28, 1965.

Reginald LaBunker, of McCullough, Parker & Wareheim, Topeka, Kan., for plaintiffs.

John Mitchell, Kearney, Neb., David H. Fisher, of Fisher, Patterson, Saylor & Summers, Topeka, Kan., for defendant.

TEMPLAR, District Judge.

In this case it appears that plaintiffs are the surviving legal heirs of the deceased, John W. Franks, and that they bring this action under the Kansas Wrongful Death Statute, Section 60–1901 et seq., Session Laws of Kansas, 1963, to recover damages against defendant for what plaintiffs contend was the wrongful death of their husband and father caused by the negligent acts of the defendant in operating a motor vehicle upon the highways of Kansas.

The defendant has answered, denying generally and specifically all the factual and legal charges made against him by plaintiffs in their efforts to establish defendant's legal liability.

Plaintiffs have submitted Interrogatories to defendant under Rule 33, which read as follows:

(1) State whether or not the defendant has liability insurance coverage for personal injuries.

(2) If the answer to Paragraph #1 is in the affirmative, state whether or not the company with which the defendant had insurance is defending this action.

(3) If the answer to Paragraph #2 is in the affirmative, state the name and address of the insurance company defending this action.

(4) If the defendant has liability insurance coverage, state the limits applicable of insurance *continued*—(contained) in said policy.

The defendant has filed his objections to these Interrogatories and contends that they are annoying, oppressive and burdensome, that they seek information concerning matters not within the scope of proper discovery, as determined by Rules 26(b) and 33; that the same are immaterial to issues triable in this matter and that the answers to same are not reasonably calculated to lead to relevant evidence within the meaning of Rule 26 (b); that the information would have no bearing on plaintiffs' presentation of their case at trial and for the further reason that plaintiffs' cause of action is not based on a claim for punitive damages.

The defendant wishes to be relieved from the necessity of answering the interrogatories set forth above in such a manner as to reveal the existence of liability insurance, the policy or policies in existence that would apply to defendant's liability in the case, if any, and the limits of liability contained in the policy.

This Court realizes that the objections made by defendant have been considered and sustained by many respectable authorities, but after reviewing the authorities cited to the Court and the briefs submitted in this and in other similar cases, and after considering other decisions, discussions and reviews of authorities, bearing on the question, it is this Court's opinion that the better reasoned and considered cases require disclosure of the applicable insurance involved, if any, and the policy limits carried by the defendant. This Court is influenced in this opinion by the realization that a policy of automobile liability insurance is written under the compulsive features of the financial responsibility law of which judicial notice is taken and that the provisions of the policy inures to the benefit of every person negligently damaged by an assured, as completely as if such damaged party had been named in the policy.[1] It requires no evidence to establish what everyone knows, and this is, that where an accident

1. See Koehn v. Central Insurance, 187 Kan. 192, 202, 354 P.2d 352.

involving an insured automobile occurs, the insurance company has the exclusive right to investigate the case, employ and control counsel employed to defend any suit, take full control over the litigation. Actually, in fact, if not in law, the liability insuror becomes the real party in interest in the litigation.

■ The usual liability policy constitutes a contract that becomes available for the benefit of any individual who may be injured in property or person, or any corporation that may be damaged in its property by the person carrying the insurance. In this case, should plaintiff recover judgment and thereafter the insured is found to be possessed of no property subject to execution, then plaintiff could immediately proceed with garnishment proceedings or an independent action based on the provisions and limited by the restrictions contained in the policy itself, against any insurance company which had issued a policy of liability insurance to the defendant tort feasor here.

It is a strange situation indeed, when under our established rules of civil procedure we emphasize that their avowed purpose is to establish the "truth" and require "full disclosure", while at the same time we treat a policy of liability insurance as though it is so sacrosanct that not even a court of justice may glance at it. Confidence in the courts and in court procedure is not enhanced by this judicial attitude.

Without including extensive quotations from well considered and soundly reasoned cases it is sufficient to say that this Court is impressed with the reasoning found in the opinion of Judge Doyle, then Justice of the Supreme Court of Colorado, now United States District Judge for the District of Colorado in the case of Lucas v. District Court, 345 P.2d 1064, and with the conclusions reached by Judge Jameson of the United States District Court of Montana in the case of Johanek v. Aberle, 27 F.R.D. 272. Also see Furumizo v. United States, 33 F.R.D. 18 where it was pointed out that:

"This Court is of the view that the subject matter of these interrogatories is relevant to the subject matter involved in this pending action and that they are within the spirit and meaning of Rule 26(b). As was said in Maddox v. Grauman (1954), Ky., 265 S.W.2d 939, 41 A.L.R.2d 964, under a similar state rule:

'If the insurance question is relevant to the subject matter after the plaintiff prevails, why is it not relevant while the action pends? We believe it is. An insurance contract is no longer a secret, private, confidential arrangement between the insurance carrier and the individual but it is an agreement that embraces those whose person or property may be injured by the negligent act of the insured. We conclude the answers to the propounded questions are relevant to the subject matter of the litigation and within the spirit and meaning of CR 26.02.
* * * '"

This Court has given recognition to Rule 1 of F.R.Civ.P. which declares that the rules shall be construed to secure the just, speedy and inexpensive determination of every action. As it was stated in B & H, Federal Practice and Procedure (Rules Ed.) Sec. 647.1:

"Knowledge as to the defendant's insurance permits a more realistic appraisal of a case and undoubtedly leads to settlement of cases which otherwise would go to trial. Since Rule 26(b) is not in itself decisive one way or another on a point, these Courts believe that the Mandate of Rule I requires that construction of Rule 26(b) which will lead to the speedy determination of actions by settlement."

■■ It is the opinion of this Court that the authorities cited above set forth the better rule and the one more in accord with the object, purpose and philosophy of the Civil Rules of Procedure. This object and purpose is better accomplished by holding that the scope of discovery is broad and that such interpretation will have a tendency to eliminate secrets, mysteries and surprises and should aid in the disposition of cases without trial and in obtaining substantially just results in those cases which are tried.

Other discussions of this problem may be found in the annotation at 41 A.L.R.2d 964; 48 Virginia Law Review, 122; 67 Harvard Law Review, 1136; 23 Utah Bar Bulletin 101; 33 Notre Dame Law Journal, 497; 11 Kansas Law Review 233.

For the reasons indicated, the objections of the defendant to the Interrogatories submitted by plaintiffs are overruled, and defendants are given 15 days to answer the Interrogatories so submitted.

Plaintiffs' counsel will prepare and submit the appropriate Order.