**James T. HURLEY, Plaintiff,**

v.

**Alvin Gary SCHMID, Defendant.**

Civ. No. 64–336.

United States District Court
D. Oregon.

March 1, 1965.

On Motion for Reargument
March 29, 1965.

Philip A. Levin, Pozzi, Levin & Wilson, Portland, Or., for plaintiff.

James B. O'Hanlon, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for defendant.

EAST, District Judge.

The plaintiff has propounded these interrogatories to the defendant:

1. At the time and place of the accident on March 8, 1964, at Kalama, Washington, were you the named insured in any policies of liability insurance?

2. At said time and place, were you an insured other than a named insured under any policies of liability insurance?

3. If the answer to either question No. 1 or question No. 2 is "yes", state the following with respect to each of such policies of liability insurance:

    (a) The company issuing such policy.

    (b) The number of such policy.

    (c) The limits of liability of such policy.

    (d) The named insured under such policy.

    (e) The vehicle or vehicles in connection with which such policy was issued.

4. State whether there are any other policies of liability insurance which indemnify defendant for liability in the accident involved in this case, or which are claimed to do so, other than those already mentioned in answer to the previous questions.

1

5. If there is any such policy of liability, state the information requested in connection with question No. 3.

The defendant has objected to making answer.

Notwithstanding the disagreement of the federal courts on this subject, I agree with Judge Tavares (Furumizo v. United States, D.C., 33 F.R.D. 18):

" * * * that the subject matter of these interrogatories is relevant to the subject matter involved in this pending action and that they are within the spirit and meaning of Rule 26(b)." [Fed.Rules of Civ. Pro.]

Accordingly, the defendant's objections are overruled and the defendant required to make timely answer.

### On Motion for Reargument

In this action, plaintiff seeks to recover damages from the defendant on alleged negligence in the operation of an automobile.

This Court, by its order dated March 1, 1965, denied the defendant's objections to the plaintiff's interrogatories seeking disclosure of the specifics of the defendant's policies of public liability insurance.

The defendant has moved for a reargument and the Court's further consideration of the motion.

I have heard counsel acknowledge that there is a sharp conflict among federal and state courts in this explosive area of pretrial discovery, and urge this Court to adopt on a question of first instance in this District an apparent numerical majority rule denying such recovery.

I have again perused the authorities pro and con and I again join the ranks of Schwentner v. White, 199 F.Supp. 710 (D.Mont.1961); Johanek v. Aberle, 27 F.R.D. 272 (D.Mont.1961); Furumizo v. United States, 33 F.R.D. 18 (D.Haw. 1963); Orgel v. McCurdy, 8 F.R.D. 585 (S.D.N.Y.1948); Laddon v. Superior Court, 167 Cal.App.2d 391, 334 P.2d 638

(1959); People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588 (1957) and the Districts of Connecticut, Kentucky, and Tennessee.

I cannot add to the able reasoning of the writers of these opinions as to the modern-day role of the insurance carrier in litigation against its insured, and the full scope of discovery under Rule 26(b) F.R.Civ.P.

Accordingly, the defendant's motion for a reconsideration of the order dated March 1, 1965 should be denied.

It is so ordered.