**Theodore A. CLAUSS, as Administrator of the Goods, Chattels and Credits which were of Beverly Ann Clauss, deceased, Plaintiff,**

v.

**Bertha M. DANKER and C & M Equipment Co., Defendant.**

**C & M LEASING COMPANY, Third-Party Plaintiff,**

v.

**Theodore A. CLAUSS, Third-Party Defendant.**

**Theodore A. CLAUSS, Fourth-Party Plaintiff,**

v.

**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Fourth-Party Defendant.**

No. 64 Civ. 2608.

United States District Court
S. D. New York.
Jan. 31, 1967.

Jerome Edelman, Brooklyn, N. Y., for plaintiff Theodore A. Clauss.

Hanner, Fitzmaurice & Onorato, New York City, for C & M Leasing Co. s/h/a C & M Equipment Co. and Employers Mut. Liability Ins. Co. of Wisconsin; James G. Barron, Jackson Heights, N. Y., of counsel.

Thomas V. Kingham, New York City, for defendant Bertha M. Danker; McLaughlin & Quinn, New York City, Trial Counsel; James A. Quinn, New York City, of counsel.

## OPINION

MANSFIELD, District Judge.

Plaintiff, suing as an administrator in this wrongful death action,[1] brings this motion pursuant to Rules 1, 26(b) and 33 of the Federal Rules of Civil Procedure seeking disclosure of particulars regarding the insurance coverage of defendants Bertha M. Danker and C & M Leasing Company (sued herein as "C & M Equipment Company"). There is no contention that the information, if disclosed, would be admissible upon the trial of the action, or that it is calculated to lead to discovery of relevant evidence. The motion is denied.

While the question of disclosure of a defendant's insurance coverage in a personal injury action has been the subject of erudite debate for years, it is here presented as an issue of first impression in this district, at least as far as reported decisions reveal. There are many reasons why such disclosure would be desirable—foremost of which is that it would facilitate settlement. See, e. g.,

1. The death of plaintiff's intestate resulted from an unfortunate collision between the car owned by defendant C & M Leasing Company, in which deceased was riding as a passenger, and a car left on or abutting the central mall of the New York State Thruway by its owner-defendant Bertha M. Danker. C & M Leasing Company has filed a third party action against Theodore A. Clauss, the driver of the car in which deceased was riding at the time of the accident, and Theodore A. Clauss, in turn, has filed a third party action against Employers Mutual Liability Insurance Company of Wisconsin claiming that he was insured under a policy with that company.

Johanek v. Aberle, 27 F.R.D. 272 (D. Mont.1961); Ash v. Farwell, 37 F.R.D. 553 (D.Kan.1965); see 4 Moore, Federal Practice ¶ 26.16 [3] (2d ed. 1966); but see Rosenberger v. Vallejo, 30 F.R.D. 352 (W.D.Pa.1962). This Court has witnessed the dismal waste of time and effort, both on the part of the parties and the court, in cases where an early disclosure of limited policy limits would have led to prompt settlements that were not reached until the eve of trial, when such information was first revealed after needless pretrial discovery and preparation for trial. Aside from such unnecessary consumption of time and effort resulting from inability to learn such crucial information until the very last minute, the effect frequently is to disrupt the court's schedule and cause loss of trial time for many needy prospective litigants.

There are circumstances where disclosure of insurance would more fully protect a defendant than non-disclosure, due principally to a potential conflict of interest between the insurer and the insured. For instance, in cases where liability is doubtful but potential recovery large, the insurer on a small policy might refrain from settlement and refuse disclosure of the policy limits for the reason that it would not lose a great deal by going to trial and it might win the case outright. Disclosure might pressure the insurance company into a settlement within the policy limits, whereas non-disclosure could lead to a judgment against the defendant in a sum far in excess of the limits. Thus the decision not to disclose exposes the defendant to the risk of heavy personal liability for an overage that might have been avoided by the insurer. See 2 Barron & Holtzoff, 2A Federal Practice and Procedure § 647.1 (hereinafter "Barron & Holtzoff"); Johanek v. Aberle, supra. In the event that the defendant in such a case sued his insurer for damages, the insurer's earlier refusal

to disclose the policy limits and to take the initial step toward a settlement would be highly significant evidence pertaining to its good faith (see generally Harris v. Standard Accident and Ins. Co., 191 F.Supp. 538 (S.D.N.Y.), reversed on other grounds, 297 F.2d 627 (2d Cir. 1961), cert. denied, 369 U.S. 843, 82 S.Ct. 875, 7 L.Ed.2d 847 (1962); Keeton, Liability Insurance and Responsibility for Settlement, 67 Harv.L.Rev. 1136 (1954)), or, in certain jurisdictions, to its exercise of due care (see generally Dumas v. Hartford Accident & Indemnity Co., 94 N.H. 484, 56 A.2d 57 (1947)). Despite the fact, however, that under certain circumstances the insured might recover in a suit against the insurance company which negligently or in bad faith obstructed settlement, this is no reason why such obstruction should not be avoided at the outset if at all possible.

Other arguments favoring disclosure are less convincing. It is often asserted, for instance, that since compulsory automobile insurance is for the benefit of innocent third parties who are injured, the latter are entitled to know the content of the policies. See Ash v. Farwell, supra. The victims do not become beneficiaries, however, until their right to recover has been established by a court or jury, by which time the advantages of early disclosure are lost. Cooper v. Stender, 30 F.R.D. 389 (E.D.Tenn.1962); see generally, State ex rel. Allen v. Second Judicial District Court, 69 Nev. 196, 245 P.2d 999 (1952); Superior Ins. Co. v. Superior Court, 37 Cal.2d 749, 235 P.2d 833 (1951) (dissenting opinion).[2]

An additional contention frequently advanced as a ground for disclosure is that, pursuant to the provisions of the standard automobile insurance policy and often pursuant to statute, a plaintiff after judgment has the same rights against the insurance company as the insured defendant. Since the successful plaintiff can eventually discover

---

2. Where legislation requires a party to an accident to report his insurance coverage to the state, which then makes it a matter of public record, it might as well be

disclosed. Brackett v. Woodall Food Products, Inc., 12 F.R.D. 4 (E.D.Tenn. 1951).

the limits of the policy at that time, it is argued that he should be permitted to discover the limits prior to judgment. See Superior Ins. Co. v. Superior Court, supra. The argument is a *non sequitur*, however, since it equates discovery before and after judgment, though the function of one is entirely different from the other. The purpose of pretrial discovery is to prepare for trial of the issues, not to uncover assets that might be applied toward satisfaction of a judgment. Supplementary proceedings to locate such assets are normally available to the plaintiff only after a judgment has been entered.

In their effort to keep the insurance coverage here a mystery, defendants raise the spectre that disclosure would merely pave the way for the revelation of all personal details concerning defendant's financial position. But insurance coverage is in a class by itself in that the specific and sole purpose of the policy is to compensate for damages caused by the insured. On that basis, there is a clear line of delineation between the policy and the defendant's other assets, and there would be no difficulty in drawing such a line for discovery purposes.

 Notwithstanding the desirability of disclosure of insurance coverage and the failure to show how such disclosure would prejudice the defendant or the insurer, its discoverability must depend upon whether it is permitted by the Federal Rules, and it seems clear that it is not. Plaintiff moves pursuant to Rule 33, which provides that interrogatories "may relate to any matters which can be inquired into under Rule 26(b) * * *." Rule 26(b) provides:

" * * * [T]he deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party * * *. It is not ground for

objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

There is authority that "relevant to the subject matter" is the controlling language in the Rule and that the material as to which discovery is sought need not appear "reasonably calculated to lead to the discovery of admissible evidence". Cases which arrive at this conclusion look to Rule 1's declaration that the Rules should be construed "to secure the just, speedy, and inexpensive determination of every action" and, accordingly, permit discovery such as that which plaintiff seeks in this case, e. g., Ash v. Farwell, supra. Rule 1, however, does not grant to the courts latitude to contravene the express provisions of the Rules, and it seems clear that Rule 26(b) contemplates only the discovery of material that could lead to admissible evidence. This conclusion is substantiated by the notes of the Advisory Committee concerning Rule 26, which provide:

" '[O]f course, matters entirely without bearing either as direct evidence or as leads to evidence are not within the scope of inquiry * * *.' " 2A Barron & Holtzoff § 647.1.

Under some circumstances, of course, discovery of insurance can be highly relevant to the issues at trial,[3] but such is not the case here. There is no connection whatsoever between any insurance policies defendants may have and the merits of the action. Bisserier v. Manning, 207 F.Supp. 476 (D.N.J.1962); Langlois v. Allen, 30 F.R.D. 67 (D.Conn.1962); Cooper v. Stender, supra; Roembke v. Wisdom, 22 F.R.D. 197 (S.D.Ill.1958); McNelley v. Perry, 18 F.R.D. 360 (E.D. Tenn.1955); McClure v. Boeger, 105 F. Supp. 612 (E.D.Pa.1952). Accordingly, with reluctance and with the desire that the Rules be amended to permit such discovery, the motion is denied.

So ordered.

3. An example is Orgel v. McCurdy, 8 F.R.D. 585 (S.D.N.Y.1948), holding that information regarding an insurance policy is discoverable where it is relevant to the issue of ownership or control. No such issue is presented here.