WASHOE COUNTY BOARD OF SCHOOL TRUSTEES, EDWARD REED, WILLIAM O'BRIEN III, LLOYD DIEDRICHSEN, FRANK STOKES, EDWARD PINE, BETTY CASSARD, LAWRENCE MELLOTT, ROBERT SINGLETON, APPELLANTS, *v.* THOMAS PIRHALA, ANTOINETTE PIRHALA, AND ROBERT PIRHALA, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, THOMAS PIRHALA, RESPONDENTS.

No. 5402

January 2, 1968                    435 P.2d 756

*Echeverria and Osborne,* of Reno, for Appellants.

*Gordon W. Rice* and *Leo P. Bergin,* of Reno, for Respondents.

## OPINION

By the Court, BATJER, J.:

On or about February 11, 1966, one of the respondents, eight year old Robert Pirhala, a student at the Libby Booth School, Reno, Washoe County, Nevada, while on the playground, during school hours, was hit in the eye and injured.

The respondents filed suit for personal injuries suffered by the minor, and asked for damages for past and future medical expenses, and for loss of services.

The defendants denied the claim of negligence and alleged contributory negligence on the part of the minor plaintiff.

The issues as to the cause of the accident and as to the resulting injuries remain in dispute and are not of concern at this preliminary stage of the case.

After issue was joined on the pleadings, respondents filed interrogatories under NRCP 33,[1] propounded to the appellants, among which were the following:

---

[1] NRCP Rule 33. "Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may be served after commencement of the action and without leave of court, except that, if service is made by the plaintiff within 10 days after such commencement, leave of court granted with or without notice must first be

"23. Is there and was there on February 11, 1966, any personal liability insurance in force, covering defendants and which covers accidents such as the one referred to in the complaint?

"24. If so, state:

(a) Name of insurer.

(b) Type of coverage.

(c) Name of insured.

(d) Policy number.

(e) Policy limits.

(f) Expiration date of policy."[2]

The appellants' objections to the above interrogatories were overruled by the trial court, and thereafter the court entered an Order to Show Cause, against appellants, for failure to answer the interrogatories. On July 3, 1967 a Judgment of Contempt was entered against the appellants and they appeal.

As their specification of error, appellants contend the trial court exceeded its jurisdiction when it ordered them to answer the interrogatories concerning liability insurance and the extent

obtained. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined.

"Interrogatories may relate to any matters which can be inquired into under Rule 26(b), and the answers may be used to the same extent as provided in Rule 26(d) for the use of the deposition of a party. Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may make such protective order as justice may require. The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression. The provisions of Rule 30(b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule."

[2]The following interrogatories were also ordered to be answered by the trial court:

"25. Were any reports of this accident made to any insurance company, or agent thereof?

"26. If so, give the name and address of the person or persons to whom such reports were given." However, they were not touched upon by the briefs or arguments and are not considered in this opinion.

of the coverage. This question under NRCP has not been decided by this court.

Appellants rely upon State ex rel. Allen v. Second Judicial District Court, 69 Nev. 196, 245 P.2d 999 (1952), as precedent, for their position, that the discovery of liability insurance should be denied.

In that case an attempt was made, under earlier statutory provisions, for the perpetuation of testimony and the issuance of a subpoena duces tecum, to learn the amount of maximum liability of the insurer and the premiums paid. Discovery was denied on the ground that such information was inadmissible at trial.

While we do not disagree with the holding in the Allen case, we are unable to rely thereon because it was decided before the sweeping changes wrought in the field of discovery by the NRCP. Wright's Barron and Hotzoff, Vol. 2A, Sec. 647.1, p. 79, n. 45.6.

NRCP 33 refers to NRCP 26(b) for the scope of discovery, which in part reads as follows:

"* * * any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears to be reasonably calculated to lead to the discovery of admissible evidence."

Appellants contend that the information sought to be discovered by respondents in the above mentioned interrogatories was not shown to be material to their cause of action.

In the various state and federal decisions, the courts are divided on this particular question of discovery, and in many of the cases vigorous dissents are recorded. There appears to be no middle ground.

The cases allowing discovery of insurance and the extent of insurance coverage generally do so on the basis that the scope of the meaning of relevancy has been expanded under the rules of discovery and also upon a prognosis that knowledge of the coverage, by the plaintiff, would lead to more meaningful discussions of settlement, and therefore such information is relevant to the subject matter of the lawsuit. Superior Ins. Co. v. Superior Court, 235 P.2d 833 (Cal.App. 1951); Maddox v. Grauman, 265 S.W.2d 939 (Ky. 1954); People ex rel. Terry v. Fisher, 145 N.E.2d 588 (Ill. 1957); Lucas v. District Court, 345 P.2d 1064 (1959); Johanek v. Aberle, 27 F.R.D. 272 (D. Mont. 1961).

We believe that those cases which deny the discovery of insurance coverage on the basis that it is not relevant to the subject matter present the better reasoning. McNelley v. Perry,

18 F.R.D. 360 (E.D. Tenn. 1955); Jeppesen v. Swanson, 68 N.W.2d 649 (1955); DiPietruntonio v. Superior Court, 327 P.2d 746 (Ariz. 1958); Sanders v. Ayrhart, 404 P.2d 589 (Idaho 1965).

In the case of Jeppesen v. Swanson, supra, the court said: "It would seem to us that, even though the discovery is not to be limited to facts which may be admissible as evidence the ultimate goal is to ascertain facts or information which may be used for proof or defense of an action. Such information may be discovered by leads from other discoverable information. The purpose of the discovery rule is to take the surprise out of trials of cases so that all relevant facts and information pertaining to the action may be ascertained in advance of trial. Where it is sought to discover information which can have no possible bearing on the determination of the action on its merits, it can hardly be within the rule. It is not intended to supply information for the personal use of a litigant that has no connection with the determination of the issues involved in the action on their merits. Balazs v. Anderson, D.C.N.D.Ohio, 77 F.Supp. 612."

There is no assurance whatsoever that the discovery of defendants' liability insurance and the extent of the coverage would lead to widespread settlement of negligence cases, and the relief of crowded court calendars. Even if this very desirable result would become a fact, it should not be reached under the blessing of NRCP 1[3] by torturing the clear and ordinary meaning of the phrase "reasonably calculated to lead to the discovery of admissible evidence" and such words as "relevant" and "subject-matter."

If, in the future, it becomes evident that there is a pressing need for this particular type of discovery, the NRCP should be appropriately amended. Acknowledging that information about insurance coverage would aid a plaintiff immeasurably in evaluating his claim, the court in Jeppesen v. Swanson, supra, very ably expressed itself in the following manner: "Under the guise of liberal construction, we should not emasculate the rules by permitting something which never was intended or is not within the declared objects for which they were adopted. Neither should expedience or the desire to dispose of lawsuits without trial, however desirable that may be from the standpoint of relieving congested calendars, be permitted to cause

---

[3]NRCP 1. "These rules govern the procedure in the district courts in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action."

us to lose sight of the limitations of the discovery rules or the boundaries beyond which we should not go. If, perchance we have the power under the enabling act to extend the discovery rules to permit discovery of information desired for the sole purpose of encouraging or assisting in negotiations for settlement of tort claims, it would be far better to amend the rules so as to state what may and what may not be done in that field than to stretch the present discovery rules so as to accomplish something which the language of the rules does not permit."

In Hickman v. Taylor, 329 U.S. 495, 507 (1947), the United States Supreme Court said: "We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage of which the disclosure can be compelled from the time of the trial to the period preceding it, thus reducing the possibility of surprise. But discovery, like all matters of procedure, has ultimate and necessary boundaries."

Furthermore, since a liability insurance policy is an asset of a defendant, we do not wish to open a Pandora's box where discovery might be permitted of all of the defendant's assets prior to securing a judgment against him.

In McClure v. Boeger, 105 F.Supp. 612 (E.D. Pa. 1952), Chief Judge Kirkpatrick said: "I can see certain advantages to the plaintiff in knowing the extent of the defendant's coverage in an accident case, at least in a case where the defendant is otherwise judgment proof and the policy is the plaintiff's only resort for a recovery. For example, it might help the plaintiff to determine whether or not to accept an offer of settlement or to decide how much expenditure or time and money by way of preparation the case justified. However, every argument that could be made in favor of requiring the disclosure could also be made in favor of compelling a defendant in any civil case, tort or contract, to furnish the plaintiff with full information as to his financial resources, and, in the case of an individual, as to the extent of his private fortune.

"Of course, the fact that the information would not be relevant and that the fact of liability insurance could not be introduced at the trial does not necessarily forbid discovery, but whatever advantages the plaintiff might gain are not advantages which have anything to do with his presentation of his

case at trial and do not lead to disclosure of the kind of information which is the objective of discovery procedure. I think that to grant this motion would be to unreasonably extend that procedure beyond its normal scope and would not be justified."

We do not hold that liability insurance can never be discovered. Situations may arise in certain cases in which the existence of liability insurance may have some evidentiary value bearing on the merits of the case. Neither do we hold that such insurance is not discoverable after judgment is entered in an action.

In the case of Layton v. Cregan & Mallory Co., 248 N.W. 539 (Mich. 1933), the court required the production of an insurance policy covering the automobile involved in an accident in which plaintiff was injured. This was done solely upon the issue raised in the pleadings in which the defendant denied ownership of the car, and the court held that if the insurance policy showed ownership of the car it was admissible for that purpose.

The trial court was within its jurisdiction when it took under consideration the scope of NRCP and ruled on the appellant's objections to the interrogatories. However, for the reasons herein indicated, those objections were well taken and the trial court erred in overruling them and finding the appellants in contempt.

The judgment of contempt is reversed and the cause is remanded for further proceedings consistent with the foregoing opinion. Neither party will be allowed costs or disbursements.

THOMPSON, C. J., ZENOFF and MOWBRAY, JJ., concur.

COLLINS, J., dissenting:

I concede there are persuasive authorities and reasons on both sides of this question and acknowledge that the majority opinion marshals them ably, but I perfer the rule allowing discovery in this case. The authorities in favor of allowing discovery should be set down. A well reasoned case favoring discovery is Johanek v. Aberle, 27 F.R.D. 272 (D. Mont. 1961). Other cases expressing a similar view are: People v. Fisher, 145 N.E.2d 588 (Ill. 1957); Pettie v. Superior Court, 3 Cal.Rptr. 267 (Cal.App. 1960); Cook v. Welty, 253 F.Supp. 875 (D. Colo. 1966); Smith v. Superior Court, 11 Cal.Rptr. 165 (Cal. App. 1961); Ellis v. Gilbert, 429 P.2d 39 (Utah 1967).

Numerous cases have held that information of the existence and amount of liability insurance meet the test of relevancy under NRCP 26(b). Those cases are: Orgel v. McCurdy, 8 F.R.D. 585 (D.N.Y. 1948); Maddox v. Grauman, 265 S.W.2d

939 (Ky. 1954); Lucas v. District Court, 345 P.2d 1064 (Colo. 1959); Laddon v. Superior Court, 334 P.2d 638 (Cal.App. 1959); Hurt v. Cooper, 175 F.Supp. 712 (D. Ky. 1959); Schwentner v. White, 199 F.Supp. 710 (D. Mont. 1961); Rolf Homes, Inc. v. Superior Court, 9 Cal.Rptr. 142 (Cal.App. 1960); Novak v. Good Will Grange, 28 F.R.D. 394 (D. Conn. 1961); Furumizo v. United States, 33 F.R.D. 18 (D. Hawaii 1963); Miller v. Harpster, 392 P.2d 21 (Alaska 1964); Hurley v. Schmid, 37 F.R.D. 1 (D. Ore. 1965); Ash v. Farwell, 37 F.R.D. 553 (D. Kan. 1965); Ellis v. Gilbert, supra.

Some cases hold it is the insurer rather than the insured who is the real party in interest and who, in reality, defends against the claim. They are: People v. Fisher, supra; Lucas v. District Court, supra; Ellis v. Gilbert, supra.

Other cases see insurance of the type here involved as not a typical asset of the defendant since it is acquired solely for the purpose of financial protection in the event of litigation. Their fear that in allowing discovery of the sort sought here will require disclosure of all a defendant's assets, is unfounded. Brackett v. Woodall Foods Prods., 12 F.R.D. 4 (D. Tenn. 1951); Ellis v. Gilbert, supra; People v. Fisher, supra; see also, Discovery, 35 F.R.D. 39 (1964), at 44.

Additional authority for allowing discovery of this type are: NRS 485.3091(6)(a) which provides: "The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by such motor vehicle liability policy occur * * *"; NRCP 1 which states that the rules shall be construed so as to "secure the just, speedy, and inexpensive determination of every action."; see also "Discovery—Disclosure of Existence and Policy Limits of Liability Insurance," 7 Nat. Res. J. 313, at 321.

I would affirm the holding of the trial court.