Wilfred L. **LANDKAMMER** and Emily Landkammer, Plaintiffs,

v.

Leo **O'LAUGHLIN**, Leonard Culliffer, Dallas Poore, Neil Provorse, Charles O'Laughlin and Herbert Mahaffey d/b/a Central Trucking Company, a partnership, and Clark Limestone Company, an Iowa Corporation, and Manley J. Corbett, Defendants.

Civ. No. 3–715.

United States District Court
S. D. Iowa, W. D.

Oct. 29, 1968.

Verne Lawyer, Des Moines, Iowa, E. W. Henke, Charles City, Iowa, John Corbey, Mankato, Minn., for plaintiffs.

Emmet Tinley and James E. Thorn, Council Bluffs, Iowa, John Paul Jones, Des Moines, Iowa, for defendants.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is predicated upon defendant Manley J. Corbett's objections to certain interrogatories propounded under Rule 33 by plaintiffs, Wilfred L. Landkammer and Emily Landkammer.

The instant action arises out of plaintiff Wilfred L. Landkammer's injury on September 29, 1966, in an alleged collision between his automobile and a gravel truck owned by defendant Central Trucking Company and then being operated by defendant Manley J. Corbett.

Plaintiffs' Interrogatories 20(o), 20 (p) (1), 20(p) (2) and 20(p) (3) seek to elicit the existence and amount of coverage of any applicable liability insurance policy owned by defendant Manley J. Corbett. Defendant resists discovery of such information upon the ground that same is neither relevant to the subject matter of this action nor calculated to lead to the discovery of admissible evidence. See Fed.R.Civ.P. 26(b).

The question is not a new one. Examination of the cases reveals a persistent and open conflict of judicial thought. Thus, the following cases have held that interrogatories upon insurance coverage seek relevant matter: Hurley v. Schmid, 37 F.R.D. 1 (D.Or.1965); Ash v. Farwell, 37 F.R.D. 553 (D.Kan.1965); Furumizo v. United States, 33 F.R.D. 18 (D.Haw.1963); Johanek v. Aberle, 27 F.R.D. 272 (D.Mont.1961); Schwentner v. White, 199 F.Supp. 710 (D.Mont. 1961); Novak v. Good Will Grange No. 127, Patrons of Husbandry, Incorporated, 28 F.R.D. 394 (D.Conn.1961); Hurt v. Cooper, 175 F.Supp. 712 (W.D.Ky. 1959); Brackett v. Woodall Food Products, 12 F.R.D. 4 (E.D.Tenn.1951); Orgel v. McCurdy, 8 F.R.D. 585 (D.N.Y. 1948); People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588 (1958); Maddox v. Grauman, 265 S.W.2d 939, 41 A.L.R.2d 964 (Ky.1954); Superior Insurance Co. v. Superior Court in and for Los Angeles County, 37 Cal.2d 749, 235 P.2d 833 (1957).

There are likewise numerous cases supportive of the proposition that, in general, insurance coverage is not relevant and not within the ambit of dis-

covery: Hooker v. Raytheon Company, 31 F.R.D. 120 (S.D.Cal.1962); McDaniel v. Mayle, 30 F.R.D. 399 (N.D.Ohio 1962); Hillman v. Penny, 29 F.R.D. 159 (S.D.Tenn.1962); Roembke v. Wisdom, 22 F.R.D. 197 (S.D.Ill.1958); McNelley v. Perry, 18 F.R.D. 360 (N.D.Tenn. 1955); McClure v. Boeger, 105 F.Supp. 612 (D.C.Pa.1952); Goheen v. Goheen, 154 A. 393, 9 N.J.Misc. 507 (1931); Di Pietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746 (1958); Ruark v. Smith, 1 Storey 420, 51 Del. 420, 147 A.2d 514 (1959); Brooks v. Owens, 97 So.2d 693 (Fla.1957); Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649 (1955).

Finally, the United States District Court for the Northern District of Iowa has recently held that insurance coverage is relevant within the meaning of Rule 33 and Rule 26(b). See Woldum v. Roverud Const., Inc., 43 F.R.D. 420 (N.D. Iowa 1968).

The above cases cannot be reconciled. The Court believes it important, however, to note that the terms "relevant" and "irrelevant" in the decisions are often conclusory labels affixed to a more fundamental level of inquiry. Cases and commentators holding that insurance coverage is "irrelevant" for discovery purposes assert (1) that the contrary result is unfair to the insurance company, a non-party whose liability is solely contingent upon the prior liability of its insured; (2) that insurance coverage is thus relevant only upon a showing that the insured is liable; (3) that the contrary result could lead to unlimited discovery of any of defendant's assets before trial; (4) that discovery would encourage settlements based upon the amount of available insurance coverage, rather than the merits of the case and a fair evaluation of plaintiff's claim; (5) that no policy supports the elevation of one party to a superior strategic position; and (6) that crowded trial calendars are insufficient reasons for encouraging pretrial settlement to the det-

riment of defendants. Conversely, a conclusion that insurance coverage is "relevant" is said to be supported by (1) a general societal policy favoring the settlement of disputes; (2) the aid thus afforded plaintiffs for realistic evaluation and settlement of claims; and (3) the overriding liberal policy of the federal rules to promote full disclosure of facts and a consequent prompt and inexpensive disposition of lawsuits.

The Court believes that the better reasoning resides in those cases announcing the liberal rule of discovery. First, the Court cannot be unaware of the circumstance that, in most cases, the insurance company assumes major control of defendant's lawsuit. The insurer is rarely an idle entity; rather, it participates forcefully in all stages of negotiation, settlement, and trial. Nor can it be said that the rule now adopted by this Court will lead to pretrial disclosure of all assets of a defendant. Insurance coverage, unlike general assets, is a specifically designated fund against which the insured's possible liabilities may be satisfied. Information concerning defendant's general assets, moreover, may be secured by plaintiff through other sources; yet the restrictive rule would leave plaintiff ignorant of the existence and extent of the very asset which most affects the value of his judgment. The liberal rule thus does not upset the natural bargaining positions of the parties. Instead, the effect of discovery of insurance coverage is to equalize the knowledge of both parties, with the result that settlements will be based more upon a fair evaluation of plaintiff's claim and less upon ignorant conjecture concerning the depth of defendant's pocket. Courts cannot forever hold themselves, as if unknowing, above that stage of litigation wherein negotiation and settlement occur. It would contravene the liberal policy of the federal rules to encourage the knowledgeable resolution of disputes at one point and discourage it at another.

It is worthy of mention that the Advisory Committee's proposed amendment to Rule 26 would codify the result which this Court reaches today. The proposed Rule 26, in relevant part 2, reads:

"(2) Insurance Agreements. A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial."

The Court believes that the proposed rule, as a crystallization of the Advisory Committee's careful efforts, constitutes the better approach to the discovery of insurance coverage. When, as here, the movant states that disclosure of defendant's insurance coverage will conduce to settlement negotiations, discovery will be allowed.

Accordingly, it is hereby ordered that defendant Manley J. Corbett's objections to Interrogatories 20(o), 20(p) (1), 20 (p) (2) and 20(p) (3) are overruled.