An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARTHUR DUANE HALE,
Appellant,
vs.
DORIS ANITA HALE,
Respondent.

No. 61556

**FILED**

NOV 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a post-divorce decree district court order denying appellant's motion for NRCP 60(b) relief from the divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

Appellant entered into a marital property division agreement with respondent and represented himself in the summary divorce proceedings. The district court entered a divorce decree that incorporated the parties' agreement. Appellant later sought to have the divorce decree set aside, arguing that he had been diagnosed with dementia shortly before executing the agreement and participating in the divorce proceedings, and that he lacked contractual capacity to do either. The district court held an evidentiary hearing on the matter and denied appellant's NRCP 60(b) motion. Appellant appeals.

On appeal, appellant contends that he proved that he lacked the competence to divide the property and execute the divorce documents, and that if respondent's experts' testimony was excluded or stricken, he would have prevailed. We have reviewed the record and we conclude that the district court did not abuse its discretion in denying appellant's NRCP 60(b) motion to set aside the divorce decree. *Stoecklein v. Johnson Elec.,*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37470

*Inc.*, 109 Nev. 268, 271, 849 P.2d 305, 307 (1993) (explaining that this court will not disturb the district court's NRCP 60(b) determination absent an abuse of discretion). The party moving for NRCP 60(b) relief bears the burden of proof. *See Kahn v. Orme*, 108 Nev. 510, 513-14, 835 P.2d 790, 793 (1992), *overruled on other grounds by Epstein v. Epstein*, 113 Nev. 1401, 1405, 950 P.2d 771, 773 (1997). Here, substantial evidence in the record supports the district court's conclusion that appellant did not establish that he was incompetent either at the time he entered the property division agreement or at the time of the divorce proceedings. *See Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that district court factual findings will be upheld if not clearly erroneous and if supported by substantial evidence).

Additionally, while appellant challenges the admissibility of testimony by respondent's two expert witnesses and cites to procedural deviations from NRCP 16.2(a)(3)(B) (2010) (amended 2012), these deviations did not prejudice appellant's preparation for the hearing and, thus, are not reversible error. NRCP 61; *see also FCH1, LLC v. Rodriguez*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 46, October 2, 2014) ("[T]he purpose of discovery is to take the 'surprise out of trials of cases so that all relevant facts and information pertaining to the action may be ascertained in advance of trial.'" (quoting *Washoe Cnty. Bd. of Sch. Trustees v. Pirhala*, 84 Nev. 1, 5, 435 P.2d 756, 758 (1968))). Moreover, contrary to appellant's assertions, we conclude that substantial evidence supports the district court's determination that the expert witness testimony introduced by respondent complied with NRS 50.275, and thus, the district court did not abuse its discretion in allowing the expert testimony. *See Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646,

650 (2008) (noting that this court reviews a district court's decision to allow expert testimony for abuse of discretion).

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
       Moran Law Firm, LLC
       E. Brent Bryson
       Eighth District Court Clerk