Jerome L. Yesko, Paterson, N. J., for plaintiff.

Braff, Litvak & Ertag, by Frederick J. Wortmann, Newark, N. J., for defendant.

AUGELLI, District Judge.

This is an automobile negligence action in which plaintiff seeks to compel defendant to disclose the limits of his liability insurance policy in response to an interrogatory calling for such information.

The authorities throughout the country, both federal and state, appear to be about equally divided on the question as to whether or not disclosure of insurance coverage is a proper subject for discovery in negligence actions. Persuasive arguments have been made in support of each view. Some of the federal cases, pro and con, are listed in footnotes 1 and 2.

This divergence of views is also to be found in our own Third Circuit. In the Eastern District of Pennsylvania, Chief Judge Kirkpatrick, in McClure v. Boeger,

**Guy BISSERIER, Administrator of the Estate of Andre Bisserier, deceased, Plaintiff,**

**v.**

**John W. MANNING, Jr., Defendant.**

**Civ. A. No. 1003-60.**

United States District Court
D. New Jersey.

Aug. 1, 1962.

1. Cases allowing discovery as to insurance coverage: Orgel v. McCurdy, 8 F.R.D. 585 (S.D.N.Y.1948); Brackett v. Woodall Food Products, 12 F.R.D. 4 (E.D.Tenn.1951); Hurt v. Cooper, 175 F.Supp. 712 (W.D.Ky.1959); Johanek v. Aberle, 27 F.R.D. 272 (D.Mont.1961); Novak v. Good Will Grange, 28 F.R.D. 394 (D.Conn.1961).

2. Cases denying discovery as to insurance coverage: McNelley v. Perry, 18 F.R.D. 360 (E.D.Tenn.1955); Gallimore v. Dye, 21 F.R.D. 283 (E.D.Ill.1958); Roembke v. Wisdom, 22 F.R.D. 197 (S.D.Ill.1958); Hillman v. Penny, 29 F.R.D. 159 (E.D. Tenn.1962); Flynn v. Williams, 30 F.R.D. 66 (D.Conn.1958); Langlois v. Allen, 30 F.R.D. 67 (D.Conn.1962).

105 F.Supp. 612 (1952) denied plaintiff's motion to compel disclosure of defendant's insurance coverage in an action for personal injuries incurred in an automobile collision. In the Western District of Pennsylvania, Chief Judge Gourley, in Rosenberger v. Vallejo, 30 F.R.D. 352 (1962), expressed the view that no hard and fast rule should be applied in determining whether or not there should be a disclosure of insurance limits. He is of the opinion that each case should be considered on its own merits. Thus, where damages are substantial and liability is admitted and the insurance is limited in amount, Judge Gourley would favor disclosure at the very inception of the proceedings. On the other hand, if the issue of liability is hotly contested and the outcome uncertain, Judge Gourley feels it would be better not to permit disclosure of insurance coverage in the early discovery phases of preparation for trial.

The first reported case in this District which considered the propriety of permitting disclosure of insurance coverage in a negligence action appears to be Plyler v. Gordon, 25 F.R.D. 170, decided by Judge Hartshorne on March 23, 1960. In that case plaintiff sought answers to questions concerning an insurance policy defendant carried on his tractor involved in the accident. The defendant refused to give the information, contending that the matter of insurance coverage was irrelevant and immaterial to the issues in the case and that such evidence would not be admissible at the trial. Plaintiff countered by saying that with regard to the accident in question it was necessary, in order to maintain the action under New York law, which governed the case, for him to establish that defendant was an independent contractor and not an employee of plaintiff's employer, and that by interrogation as to the insurance held by defendant he might be able to prove that defendant was in fact an independent contractor and not a coemployee. The Court concluded that an examination of defendant's insurance policy might produce information and leads which would help answer the question as to the status of the defendant, and accordingly defendant was directed to answer the questions relating to insurance. It is apparent from a reading of the case that Judge Hartshorne permitted discovery in Plyler solely for the limited purpose of enabling the plaintiff to attempt to establish defendant's status.

The Plyler case was followed in this District by Hill v. Greer, 30 F.R.D. 64, decided by Judge Lane on December 4, 1961. This was an automobile negligence action in which plaintiff sought to compel defendant to disclose his insurance coverage, not for any limited purpose, such as was permitted by Judge Hartshorne in Plyler, but generally to ascertain the amount of liability insurance carried by defendant at the time of the accident. Plaintiff's motion was granted. In his opinion, Judge Lane pointed out that a plaintiff's knowledge of a defendant's insurance coverage permits a more realistic appraisal of the value of a case and undoubtedly leads to settlement of cases that would otherwise go to trial. Thus, if a plaintiff knows that policy limits are low he will, in all probability, offer or accept a settlement of his case within the limits of the coverage even though it may have a higher value. Judge Lane concluded that the policy of encouraging settlements, and the existence of Rule 4:16–2 of the New Jersey Civil Practice Rules,[3] justified the granting of plaintiff's motion for insurance disclosure.[3a]

---

3. Effective September 11, 1961, Rule 4:16–2 was amended to provide that: "In an action for personal injury or property damage arising out of negligence, a party may require any other to disclose the policy limits of his liability or property damage insurance. Such disclosed matter shall not be introduced in evidence but shall be used solely for the purpose of enabling the party to evaluate the advisability of making or accepting an offer of settlement."

3a. It is to be noted that Judge Lane, in Hill, rejected the plaintiff's argument that he was entitled, as a matter of substantive right, to discovery of defendant's insurance coverage under Rule

478

Judge Lane's decision joins that respectable current of authority which holds that in a negligence action involving personal injury, death, or property damage, a plaintiff is entitled to ascertain, under the discovery provisions of the Federal Rules of Civil Procedure, whether a defendant was covered by liability insurance at the time of the happening of the accident and, if so, the identity of the insurer, and the limits of the coverage.

With all due deference to Hill, my consideration of the many cases on this subject leads me to a contrary conclusion than that reached by Judge Lane. Let me state my reasons.

Disclosure of liability insurance limits in negligence actions is usually sought by propounding interrogatories under Rule 33 of the Federal Rules of Civil Procedure or by deposition upon oral examination under Rule 26(b), 28 U.S.C.A.

Rule 33 provides, in part: "Any party may serve upon any adverse party written interrogatories to be answered by the party served * * *. Interrogatories may relate to any matters which can be inquired into under Rule 26(b), * *."

Rule 26(b), so far as is here pertinent, provides: "Unless otherwise ordered by the court * * *, the deponent may be examined regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party * * *. It is not ground for objection that the testimony will be inadmissible at the trial *if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.*" (Italics supplied.)

The cases favoring discovery of insurance coverage advance a number of reasons why it should be allowed, among them being: that such discovery will promote the expressed objective of the Federal Rules of Civil Procedure to secure just, speedy, and inexpensive determination of litigation; that disclosure of insurance information will enable the parties to make a realistic appraisal of the value of their cases in advance of trial, and that this will promote settlements and relieve calendar congestion; that discovery should not be limited to matters relevant only to the precise issues presented by the pleadings, but should be allowed if generally relevant to the subject matter of the action; that the inadmissibility at the trial of the existence of insurance coverage should not preclude discovery with respect thereto; that the automobile financial responsibility laws which have been enacted by many states are indicative of a public policy of providing compensation for injured persons, and that this gives such persons a discoverable interest in the insurance coverage; that from the tenor and effect of such laws it is evident that insurance policies are definitely relevant to the subject matter of pending actions growing out of accidents covered by said policies; and that in reality the defendant in an automobile accident case is the insurance company, which defends the action, conducts the investigation, and negotiates settlement.

The cases denying discovery in this area of insurance, while recognizing the broad scope of the rules and the right of a plaintiff to inquire into any relevant matter, not privileged, hold that the existence or non-existence of insurance has no relevancy to the issues of liability and damages in a negligence ac-

4:16–2 on the basis of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The Court cited with approval Professor Moore's comment "that the discovery

rules are procedural under the Erie case and that a federal court need not follow the discovery practice of the state in which the court is sitting even though the matter facing the court is local in nature." Vol. 1A Moore's Federal Practice, 3535.

tion; that such matter is not admissible as evidence at the trial; that an inquiry concerning such insurance is not reasonably calculated to lead to the discovery of admissible evidence; and that to permit such discovery is an invasion of a defendant's right of privacy before there is any determination of liability.

There can be no doubt that the objectives of the proponents of discovery of insurance coverage are laudable, especially in view of the increasing number of lawsuits for personal injury, death, and property damage, arising out of automobile accidents. But however desirable it may be to expedite the settlement of cases and thus relieve calendar congestion, we must recognize that the discovery rules, even if, as we must concede, they should be liberally construed to accomplish their general purpose, do nevertheless have certain limitations and boundaries which we are not at liberty to ignore. In my opinion, the cases which deny discovery of insurance coverage are more consistent, more logical and more persuasive, than those allowing such discovery.

In New Jersey, the existence or non-existence of liability insurance is not evidentiary matter in negligence actions. Sutton v. Bell, 79 N.J.L. 507, 77 A. 42 (E. & A. 1910); Patterson v. Surpless, 107 N.J.L. 305, 151 A. 754 (E. & A. 1930); Hansson v. Catalytic Construction Co., 43 N.J.Super. 23, 127 A.2d 431 (App.Div.1956). Moreover, prior to the amendment of Rule 4:16–2 of the New Jersey Civil Practice Rules,[4] interrogatories propounded for the purpose of compelling disclosure of insurance coverage were held to be improper. Goheen v. Goheen, 9 N.J.Misc. 507, 154 A. 393 (1931). The amendment of Rule 4:16–2 now specifically permits such disclosure, and provides that the insurance information thus obtained "shall not be introduced in evidence but shall be used solely for the purpose of enabling the party to evaluate the advisability of making or accepting an offer of settlement." Thus,

in New Jersey it was considered necessary to amend the discovery rules in order to provide for disclosure of insurance coverage in negligence actions. Rule 26(b) of the Federal Rules of Civil Procedure as now written is substantially the same as the New Jersey rule prior to its amendment.

The "settlement of cases" and the "relief of calendar congestion" seem to be the principal factors considered in those cases favoring disclosure of insurance coverage in negligence actions. It is undoubtedly true, as stated by Judge Lane in the Hill opinion, that low insurance limits will expedite settlements. But it is likewise true that disclosure of high insurance limits will retard, if not prevent, settlements. Human nature being what it is, it is not unreasonable to assume that, in the eyes of a plaintiff, the value of his case will increase in proportion to the amount of insurance coverage available.

There can be no quarrel with the utilization of proper procedures to encourage the settlement of cases and to relieve calendar congestion. And it may even be assumed that compelling discovery of insurance limits is a step in the right direction to bring about such a result. But I question the propriety of using Rule 26(b) for this purpose. If, as the cases agree, the fact of insurance is not evidentiary matter, what admissible evidence can possibly result from disclosure of a defendant's insurance coverage? It is difficult to see what relevancy the existence or non-existence of insurance can possibly have to the subject matter of the ordinary run-of-the-mill negligence action.

Rule 18 of the General Rules of this Court, which governs the applicability of state court procedure in this District, provides:

"In circumstances not provided for by the Federal Rules of Civil Procedure, * * * or these General Rules, the procedure and prac-

4. See footnote 3.

tice of the courts of the State of New Jersey shall govern."

This rule would have no application here because, in my opinion, we are not dealing with a situation "not provided for by the Federal Rules of Civil Procedure". Rule 26(b) does make full provision for discovery within the limitations of its own language. The rule, as presently written, does not, as I see it, permit discovery of insurance coverage in advance of a judicial determination of liability or damages in a negligence. action. If disclosure of insurance coverage is thought to be desirable, the discovery provisions of the Federal Rules of Civil Procedure should be amended (along the same lines as the amendment of Rule 4:16–2 of the New Jersey Civil Practice Rules) to allow such discovery.

For the foregoing reasons, the interrogatory propounded by plaintiff demanding that the defendant disclose the limits of his liability insurance policy, need not be answered. Submit order.

After conference, the judges of the District are in agreement with the views expressed herein.