Willie V. COOK, Plaintiff,

v.

Elizabeth M. WELTY, Defendant.

Civ. A. No. 2174–65.

United States District Court
District of Columbia.

May 11, 1966.

———◆———

Edward L. Genn, Washington, D. C., for the motion.

Robert E. Anderson, Washington, D. C., opposed.

See, e. g., Costello v. Fazio, 256 F.2d 903 (C.A.9, 1958); compare In re Kansas City Journal-Post Co., 144 F.2d 791 (C.A. 8, 1944).

HOLTZOFF, District Judge.

The question presented on this motion is whether the plaintiff in an action for negligence should be entitled to discovery as to the existence of defendant's liability insurance, and the extent and the limitations of its coverage. This Court answers this question in the affirmative.

This action was brought to recover damages for personal injuries arising out of an automobile accident. The owner and operator of the vehicle involved in the accident died subsequently to its occurrence, and this suit was instituted against the administratrix of his estate. The defendant's deposition was taken in the plaintiff's behalf. Questions were propounded to the defendant as to what, if any, liability insurance had been carried by the deceased and the limitations and extent of the coverage. She declined to answer on the ground that the queries were irrelevant. The matter is now before this Court on a motion to compel her to respond. It was stipulated at the argument that a similar question would also arise if interrogatories covering the same subject matter had been served.

Whether the plaintiff in an action for negligence may obtain information concerning the defendant's liability insurance by means of appropriate discovery proceedings, has not been determined either in this Circuit or in this District. There are no reported opinions on this point either in the Court of Appeals for the District of Columbia Circuit, or in this Court. There appear to be no decisions on this topic by any Court of Appeals in the Federal judicial system. There are, however, numerous decisions in the various District Courts, which are divided on this point.

In the following districts, it has been held that such information may be obtained by discovery: Hawaii, Furumizo v. United States, 33 F.R.D. 18; Western District of Kentucky, Hurt v. Cooper, 175 F.Supp. 712; Montana, Johanek v. Aberle, 27 F.R.D. 272, and Schwentner v. White, 199 F.Supp. 710; New Jersey, Hill v. Greer, 30 F.R.D. 64; Southern District of New York, Orgel v. McCurdy, 8 F.R.D. 585; and Oregon, Hurley v. Schmid, 37 F.R.D. 1.

In the following districts, such discovery has been denied: Eastern District of Illinois, Gallimore v. Dye, 21 F.R.D. 283; Southern District of Illinois, Roembke v. Wisdom, 22 F.R.D. 197; Northern District of Ohio, McDaniel v. Mayle, 30 F.R.D. 399; Eastern District of Pennsylvania, McClure v. Boeger, 105 F.Supp. 612, and the Western District of Pennsylvania, Rosenberger v. Vallejo, 30 F.R.D. 352.

There are two districts in which different judges have reached divergent results. Thus in the Eastern District of Tennessee, such discovery was permitted in Brackett v. Woodall Food Products, Inc., 12 F.R.D. 4; but was disallowed in Cooper v. Stender, 30 F.R.D. 389. In the District of Connecticut, such discovery was granted in Novak v. Good Will Grange No. 127, et al., 28 F.R.D. 394, but barred in Flynn v. Williams, 30 F.R. D. 66, and Langlois v. Allen, 30 F.R.D. 67.

In view of the fact that many States have adopted the Federal Rules, or have promulgated discovery rules similar to Federal provisions on the subject, decisions of State courts on this point are of interest. Such discovery has been allowed in California, Laddon v. Superior Court, 167 Cal.App.2d 391, 334 P.2d 638; in Kentucky, Maddox v. Grauman, 265 S.W.2d 939, 41 A.L.R.2d 964; and in Illinois, People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588. It has been disallowed in Arizona, Di Pietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746; in Delaware, Ruark v. Smith, 1 Storey 420, 147 A.2d 514; in Florida, Brooks v. Owens, 97 So.2d 693; and in Minnesota, Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649.

The objections to requiring a disclosure of liability insurance are that the purposes of discovery are either to obtain evidence to be introduced at the trial, or to secure information as to where such evidence may be found, or to narrow the issues to be tried. Information concerning liability insurance cover-

age is irrelevant to any of these topics. On the theory that a liability insurance policy is, in effect, an asset of the defendant, it is argued that discovery might as well be permitted as to all of the defendant's assets prior to securing a judgment against him.

As a matter of strict logic such reasoning is invulnerable. Nevertheless, it is too narrow a view. The oft quoted observation of Justice Holmes that "The life of the law has not been logic, but experience", is applicable in this instance. The dockets of the courts, especially those in the big metropolitan centers, are crowded with negligence cases, the majority of them arising out of automobile accidents. The volume of this litigation is not likely to decrease in view of the continual growth in the number of motor vehicles on the streets and highways. Most of the cases are disposed of without a trial. In fact, the courts would be confronted with an impossible task if a majority of cases had to be actually tried. Most of them are either settled or dismissed. The situation is somewhat analogous to the manner of handling the criminal docket. The majority of criminal cases are disposed of by pleas of guilty. If most of them had to be tried, as well as a majority of the cases on the civil side of the court, it would be necessary to expand courthouses and to increase the number of judges all over the country, especially in the large cities, to a number much larger, perhaps several times larger than the present personnel. Judicial administration comprises much more than merely trying cases one by one as they are reached. The courts must also deal with dockets as a whole. It is in the interest of the administration of justice as well as beneficial to individual litigants from their personal standpoint that as many cases as possible be amicably adjusted without a trial, provided that this result can be reached on a fair and open basis.

Liability insurance is an established feature of modern life. Most defendants in negligence actions carry such policies. While there are a great many motorists who do not possess such protection, many members of this group are not financially responsible, and frequently when they are involved in an accident no suit is brought against them for this very reason. Where liability insurance is present, the insurance carrier takes over the defense of the action and furnishes counsel to the defendant as well as investigating facilities. Counsel selected and paid by the insurance company, is of course in the eyes of the law and from the standpoint of legal ethics, the advocate for the defendant, rather than the insurance carrier. An attorney and client relationship arises as between defendant and counsel supplied by the insurance company.

It is not to be doubted that information concerning liability insurance coverage and its extent is conducive to fair negotiations and to just settlements. For example, in cases where injuries are very great, but insurance coverage is very low, and the defendant is otherwise impecunious, the plaintiff might well be led to accept a smaller settlement than the extent of the injuries would otherwise warrant. On the other hand, if in such an instance the limits of the insurance policy are high, there appears to be no fair reason for refraining to disclose such information to plaintiff's counsel. Many other situations may be envisaged where it is both just and important that plaintiff's counsel should be informed as to the size of defendant's liability insurance policy. Insurance companies frequently reveal the information, while often they decline to do so. This matter should not rest in their discretion.

█ No showing has been made that the defendant or his insurance carrier may be prejudiced by furnishing the information. The Court is unable to perceive any disadvantage that would result to them, except perhaps purely as a matter of tactics, which would not necessarily be conducive to a just disposition of the litigation. Refusal to require disclosure would help perpetuate "the sporting theory of justice". It is one of the

objectives of modern reformed procedure to eliminate it.

Thus in Johanek v. Aberle, 27 F.R.D. 272, 278, Judge Jameson of the District of Montana, stated:

"It is a well recognized fact, * * * that where there is insurance coverage the insurer takes control of the defense of any action brought against one of its insured. The insurer not only defends the suit, but also makes such investigation, negotiations and settlement as it deems expedient. * * * This fact may properly be taken into consideration in determining whether plaintiff should be permitted discovery relative to insurance information.

* * * * * *

"Many of the cases denying discovery suggest that if discovery is permitted with regard to insurance coverage there is no reason why a defendant may not be required to disclose similar information with regard to other property.

* * * * * *

"In my opinion, however, automobile liability insurance protection is not in the same category as other assets of the insured."

In People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588, 592, 593, the Supreme Court of Illinois, wrote as follows concerning discovery rules:

"They were adopted as procedural tools to effectuate the prompt and just disposition of litigation, by educating the parties in advance of trial as to the real value of their claims and defenses. As noted by legal scholars, those rules will suffice for present needs if lawyers and judges will use them with an understanding of that purpose.

* * * * * *

"In determining whether liability insurance is discoverable by pretrial interrogatories, we must also take cognizance of the role of insurance companies in such litigation against their insured, for as Justice Holmes noted, 'Judges need not be more naive than other men.' Inasmuch as the insurance company is virtually substituted as a party * * * as far as the investigation and conduct of the defense is concerned, it would seem to be relevant, if not indispensable, that plaintiff's attorney have knowledge of the existence of insurance in order to prepare for the case he has to meet and be apprised of his real adversary. Such knowledge, furthermore, would also lead to more purposeful discussions of settlement, and thereby effectuate the dispatch of court business. This aspect is most significant in terms of effective judicial administration in coping with today's congested dockets which are largely attributable to the increasing volume of personal injury litigation."

◼ In the light of the foregoing discussion, the Court reaches the conclusion that the plaintiff in an action for negligence should be granted discovery either by deposition or interrogatories concerning the extent of defendant's liability insurance coverage, if any.

◼ The conclusion reached in this case neither affects nor conflicts with the rigid rule prevailing in this jurisdiction that plaintiff may not, directly or indirectly, disclose to the jury the fact that the defendant carries liability insurance. This prohibition is inflexibly enforced under the penalty of a mistrial. While the purpose of this rule is wholesome, developments of modern life are by degrees adversely affecting its effectiveness. With the rapid increase in the use of automobiles in all walks of life, every juror is likely to be either a motorist or at least an occasional passenger in a motor vehicle. The existence of liability insurance has become widely known. Moreover, every taxicab is required by law to carry such insurance and the fact is publicized by a paster on the windshield of the cab. There has been a great deal of discussion in the press and elsewhere concerning the problem of uninsured motorists. The result is that the average sophisticated juror is likely to assume

that defendants in personal injury cases probably carry liability insurance. The Court recalls that at the trial of a personal injury case before it a year or two ago, counsel for the defendant requested permission to inform the jury that his client had no liability insurance, stating that jurors assume that every defendant is insured and that otherwise there would have been no litigation. While the Court sympathized with the defendant, it declined to grant the request on the ground that the rule must be enforced reciprocally. To quote Justice Holmes again, "Precedents survive in the law long after the use they once served is at an end and the reason for them has been forgotten." [1] Perhaps the time has not yet arrived when we should abandon the prohibition, but it is likely to be reached in the not too far distant future.

Motion granted.

1. Holmes, The Common Law, p. 35.