**Janice Ann HODGES, Plaintiff,**

v.

**Vernon Le Roy HEAP, Defendant.**

Civ. No. 4117.

United States District Court
D. North Dakota,
Southeastern Division.

June 2, 1966.

Shelley J. Lashkowitz, of Lashkowitz & Lashkowitz, Fargo, N. D., for plaintiff.

Mart R. Vogel, of Wattam, Vogel, Vogel, Bright & Peterson, Fargo, N. D., for defendant.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

In the above-entitled case Plaintiff served and filed the following interrogatory on the Defendant:

"Please state the policy limits that were in full force and effect on the Defendant's motor vehicle on the 11th day of July, 1964."

The Defendant has objected to this interrogatory upon the grounds that the information sought by it is wholly irrelevant.

I am conscious of the divergent decisions reached by United States District Judges faced with rulings upon this type of interrogatory.

This Court's position is well stated in Cook v. Welty, USDC, District of Columbia, 253 F.Supp. 875 (May 11, 1966):

"The objections to requiring a disclosure of liability insurance are that the purposes of discovery are either to obtain evidence to be introduced at the trial, or to secure information as to where such evidence may be found, or to narrow the issues to be tried. Information concerning liability insurance coverage is irrelevant to any of these topics. On the theory that a liability insurance policy is, in effect, an asset of the defendant, it is argued that discovery might as well be permitted as to all of the defendant's assets prior to securing a judgment against him.

"As a matter of strict logic such reasoning is invulnerable. Nevertheless, it is too narrow a view. The oft quoted observation of Justice Holmes that 'The life of the law has not been logic, but experience', is applicable in this instance. The dockets of the courts, especially those in the big metropolitan centers, are crowded with negligence cases, the majority of them arising out of automobile accidents. The volume of this litigation is not likely to decrease in view of the continual growth in the number of motor vehicles on the streets and highways.
\* \* \*

"It is not to be doubted that information concerning liability insurance coverage and its extent is conducive to fair negotiations and to just settlements. For example, in cases where injuries are very great, but insurance coverage is very low, and the defendant is otherwise impecunious, the plaintiff might well be led to accept a smaller settlement than the extent of the injuries would otherwise warrant. On the other hand, if in such an instance the limits of the insurance policy are high, there appears to be no fair reason for refraining to disclose such information to plaintiff's counsel. Many other situations may be envisaged where it is both just and important that plaintiff's counsel should be informed as to the size of defendant's liability insurance policy. Insurance companies frequently reveal the information, while often they decline to do so. This matter should not rest in their discretion.

"No showing has been made that the defendant or his insurance carrier may be prejudiced by furnishing the information. The Court is unable to perceive any disadvantage that would result to them, except perhaps purely as a matter of tactics, which would not necessarily be conducive to a just disposition of the litigation. Refusal to require disclosure would help perpetuate 'the sporting theory of justice'. It is one of the objectives of modern reformed procedure to eliminate it.
\* \* \*

"The conclusion reached in this case neither affects nor conflicts with the

rigid rule prevailing in this jurisdiction that plaintiff may not, directly or indirectly, disclose to the jury the fact that the defendant carries liability insurance. This prohibition is inflexibly enforced under the penalty of a mistrial."

I agree with my brother Holtzoff who wrote that opinion and adopt his logic and the rationale of that case as my own.

The Defendant's objection to the Plaintiff's interrogatory is overruled. The Defendant is ordered to file answer thereto with the Clerk of this Court and serve a copy thereof upon Plaintiff's counsel not later than June 22nd, 1966.