Vladimir **SLOMBERG**, Administrator of the Estate of Charles L. Swartwood, Plaintiff,

v.

Irvin **PENNABAKER**, Holmes Lyter, Norman Burdge and Janet Burdge, jointly, severally, and in the alternative, Defendants.

Civ. A. No. 9527.

United States District Court
M. D. Pennsylvania.

April 5, 1967.

Moses K. Rosenberg, Harrisburg, Pa., for plaintiff.

Dowling & Dowling, Harrisburg, Pa., for defendant, Janet Burdge.

## OPINION

FOLLMER, District Judge.

Plaintiff instituted this wrongful death and survival action for money

damages for injuries received by plaintiff's decedent in an automobile accident.

There is diversity of citizenship and more than the jurisdictional minimum is involved.

Defendant, Janet Burdge, originally filed a notice for hearing on objections to the following interrogatories of plaintiff: Nos. 6(b) (c), 13, 19–22, 83, 84, 90–101. Subsequently the said defendant answered Nos. 6(b) (c), 21, 22, 84, 90–96, 99, 101. At oral argument, plaintiff withdrew Nos. 13 and 100, and defendant agreed to answer No. 83. Accordingly, the only interrogatories in dispute are as follows: Nos. 19, 20, 97, 98.

Interrogatories Nos. 19 and 20 are as follows:

"19. Have you ever had a driver's license suspended, canceled, or revoked, for any reason?

"20. If so, state:

A. The name of the State suspending, canceling or revoking such license.

B. The date of such suspension, cancellation, or revocation.

C. The reasons therefor.

D. The length of suspension, cancellation or revocation."

■ The objection of the defendant centers around the word "ever". In answering Interrogatory No. 16, defendant stated she has been a licensed driver for sixteen years. It is obvious that this is the time referred to since Interrogatories Nos. 19 and 20 could only relate to the time defendant was a licensed driver. It is clear that defendant's objections to Interrogatories Nos. 19 and 20 are meritless and the objections thereto will be overruled.

Interrogatories Nos. 97 and 98, to which defendant Janet Burdge also objects, read as follows:

"97. At the time of the collision, did a policy or did policies of public liability insurance cover:

A. You?

B. The automobile you were driving at the time of the collision?

C. The owner of the vehicle, if other than yourself?

D. Any other person?

"98. If so, state the limits of liability coverage."

In the first place, 97(D) is ridiculously broad, and as it reads, can have absolutely no relevance to this action. If read literally, it would be asking the defendant to supply the name of every person who has public liability insurance.

In relation to 97(A), (B) and (C), this Court is mindful of the decision of the Third Circuit in Kiernan v. Van Schaik, 347 F.2d 775 (1965). In Kiernan, it was held that the trial court erred in refusing to put the following questions to the prospective jurors on their voir dire:

" '1. Are any of you employed by or stockholders in an insurance company which is engaged in the casualty insurance business?

'2. Are any of you engaged in the general insurance agency business or are any of you an agent for a casualty insurance company?

'3. Have any of you ever worked as a claims investigator or insurance adjuster?' " (347 F.2d at 777).

It was stated that these inquiries were relevant in ascertaining bias against one claiming damages for negligence.

■ Since this is the practice in this circuit, it would clearly be relevant to know whether the real party in interest is an insurance company, rather than the individual defendant. It can be argued that whether or not there is insurance, such a juror could be biased, but this is no answer. If there is an insurance company involved in the case, it would be even more important to discover this in preparation for the case. Since interrogation of the prospective jurors concerning their interest or connection with an insurer is permitted for the purpose

of determining their qualifications, the plaintiff should be allowed to discover whether liability insurance exists and the name of the carrier. The insurance company is the real party in interest, when a policy exists, and to effectively exercise his challenges, the plaintiff should know who the real defendant is.

The second question presented is whether the plaintiff is entitled to discover the limits of liability coverage if a liability insurance policy does exist. Decisions in the various district courts are sharply divided on this issue. See Anno. 41 A.L.R.2d 968.

Rule 33 of the Federal Rules of Civil Procedure states that interrogatories may relate to any matters which may be inquired into under Rule 26(b). Rule 26(b) provides:

> "Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

In this regard, in 4 Moore, Federal Practice, ¶26.16(3), at 1189 (2d ed. 1966),

it is stated that the sounder view is to require disclosure of whether insurance exists, the name of the company, the limits of liability and the terms of the policy.

In the following district court decisions, discovery of such information was allowed: Cook v. Welty, 253 F.Supp. 875 (D.D.C.1966); Hodges v. Heap, 40 F.R.D. 314 (D.N.D.1966); Ash v. Farwell, 37 F.R.D. 553 (D.Kan.1965);[1] Hurley v. Schmid, 37 F.R.D. 1 (D.Ore. 1965); Furumizo v. United States, 33 F.R.D. 18 (D.Hawaii 1963); Schwentner v. White, 199 F.Supp. 710 (D.Mont. 1961); Johanek v. Aberle, 27 F.R.D. 272 (D.Mont.1961); Hurt v. Cooper, 175 F. Supp. 712 (W.D.Ky.1959); and Orgel v. McCurdy, 8 F.R.D. 585 (S.D.N.Y.1948).[2]

In the following decisions such discovery has been denied: McDaniel v. Mayle, 30 F.R.D. 399 (N.D.Ohio 1962); Bisserier v. Manning, 207 F.Supp. 476 (D.N.J.1962);[3] Langlois v. Allen, 30 F.R.D. 67 (D.Conn.1962);[4] Cooper v. Stender, 30 F.R.D. 389 (E.D.Tenn. 1962);[5] Roembke v. Wisdom, 22 F.R.D. 197 (S.D.Ill.1958); Gallimore v. Dye, 21 F.R.D. 283 (E.D.Ill.1958); and McClure v. Boeger, 105 F.Supp. 612 (E.D.Pa. 1952).

A middle-of-the-road approach was adopted in Rosenberger v. Vallejo, 30 F.R.D. 352 (W.D.Pa.1962) in which it was stated that each case would be decided on its own merits.

This Court is now presented with the question of whether the interrogatory requesting information as to the limits of liability must be answered by the defendant.

---

1. This case was decided by Judge Templar; a contrary result was reached by Chief Judge Stanley in Loudon v. Patterson, No. KC–1430 (D.Kan. Decided January 14, 1961, unreported).

2. But see Di Biase v. Rederi A/B Walship, 32 F.R.D. 41 (E.D.N.Y.1963).

3. It is stated that the judges of the district concur therein, however see Hill v.

Greer, 30 F.R.D. 64 (D.N.J.1961) in which discovery had been allowed.

4. In Flynn v. Williams, 30 F.R.D. 66 (D. Conn.1958), discovery was denied, but in Novak v. Good Will Grange No. 127, Patrons of Husbandry, Inc., 28 F.R.D. 394 (D.Conn.1961), discovery was allowed on the ground of relevancy.

5. See Brackett v. Woodall Food Products, Inc., 12 F.R.D. 4 (E.D.Tenn.1951).

The primary argument that is advanced against discovery is that such discovery is not relevant to the issues of the case nor can it reasonably lead to discovery on any relevant issue, to wit: negligence, causation and damages.[6] (See Jenkins, "Discovery of Automobile Liability Insurance Limits: Quillets of the Law," 14 Kan.L.Rev. 59 (1965), for a full discussion of arguments raised both for and against discovery). These cases do state that the insurance policy limits are relevant and are discoverable after judgment.[7] This contention has been answered by stating that if the insurance question is relevant after the plaintiff prevails, it is relevant while the action pends.[8] Although the argument concerning admissibility is technically correct, it is also countered by the statement that the test under Rule 26(b) is whether the information sought is "relevant to the subject matter" and that a fair construction thereof does not completely foreclose discovery of matters which are neither inherently admissible nor reasonably calculated to produce admissible evidence. Information other than that which bears evidentiary significance may be discoverable when procedural efficiency so demands, and the spirit and purpose behind the Federal Rules is liberal discovery. Comment, 48 Va.L.Rev. 122, 127–128 (1962).

Another argument opposing discovery is that since a plaintiff cannot discover the assets of a defendant before trial, he should not be allowed to discover the existence or limits of his automobile accident liability policy. The opposing argument is that the insurance policy is not in the same category as the other assets of a defendant. Johanek v. Aberle, supra. The policy was taken out for the sole purpose of benefiting a plaintiff and satisfying the liability it covers. See People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588 (1957). The normal avenues of appraising a defendant's assets [9] are cut off in the case of a liability policy, and it would be naive to assume that plaintiffs are interested in collecting "paper judgments". Moreover, the interesting point is that it is the insurance company itself that is objecting, trying to say it is the defendant who is being hurt by disclosure of the limits. It is unlikely that a defendant, himself, would object in that he bought the policy to protect himself and it would be to his best interests to have settlements made within the policy limits.

The final argument is that disclosure of high limits will retard settlements.[10] It is interesting to note that the cases allowing discovery rely on the opposite theory, i. e., that disclosure of low limits will lead to settlements and ease court congestion.[11] It would appear that the stronger argument here is that which permits discovery. It is well known that the higher the limits, the less likely the insurance companies are to disclose them, yet some insurance companies have a blanket rule against disclosure. It is my opinion that in the balance, disclosure would assist amicable settlement without a trial, much more than nondisclosure does. I am in agreement with Judge Holtzoff's view that discovery of coverage and its extent is conducive to fair negotiations and to just settlement. Cook v. Welty, supra, 253 F.Supp. at 877. The whole purpose of litigation is to produce results fair to both sides, not to play a game of hide and seek. Dis-

6. See, e. g., Cooper v. Stender, supra; Langlois v. Allen, supra; McClure v. Boeger, supra.

7. See, e. g. Gallimore v. Dye, supra; Langlois v. Allen, supra; Bisserier v. Manning, supra.

8. See, e. g. Hurt v. Cooper, supra; Furumizo v. United States, supra.

9. As, for example, credit agencies, court records, and community knowledge.

10. See, e. g. Bisserier v. Manning, supra.

11. See, e. g. Cook v. Welty, supra; Schwentner v. White, supra.

closure of the extent of coverage would induce more purposeful settlement discussions.

An additional reason advanced in favor of discovery is that the real party in interest is not the insured, but the insurance company. This ties in with the argument favoring discovery concerning the existence of liability insurance. Where there is a policy, the insurance carrier assumes the defense of the action, furnishes counsel to defendant and does most of the investigation in preparation for trial. Cook v. Welty, supra, 253 F.Supp. at 877. The strongest argument against discovery is more one of tactics than of actual prejudice. This is unimpressive. The advantage of full disclosure would promote the function of the procedural rules, to secure the just, speedy, and inexpensive determination of every action. Rule 1, Federal Rules of Civil Procedure.

Moreover, in states which have laws similar to the Pennsylvania Motor Vehicle Safety Responsibility Act, 75 P.S. § 1401 et seq., the argument is that these provisions were written to benefit an injured person and that disclosure of the policy should be allowed.[12] The insurance carrier is the real party in interest and considering the policy behind these laws and the goal of full disclosure, discovery should be granted.[13]

This result, naturally, does not affect the rule that plaintiff may not disclose to the jury the fact that the defendant is covered by a liability insurance policy. This prohibition, as in the past, will be strictly enforced.

Accordingly, the objections to discovery of whether an automobile liability insurance policy exists and the limits thereof will be overruled.

After conference, the judges of the district are in agreement with the views expressed herein as to the discovery of whether an insurance policy exists and the limits thereof.

### ORDER

Now, April 5, 1967, in accordance with Opinion filed this day, It is Ordered that the objections of defendant, Janet Burdge, to Interrogatory No. 97(D) is granted and defendant need not answer it.

It is further ordered that the objections of said defendant to Interrogatories Nos. 19, 20, 97(A)–(C) and 98 are overruled.

---

12. See, e. g. Ash v. Farwell, supra.

13. But see Note, 48 Va.L.Rev. 122, 128 (1962).