**James L. VETTER and wife, Edith E. Vetter, Plaintiffs,**

**v.**

**Minford L. LOVETT II, Defendant.**

**Civ. A. No. 68-9-SA.**

United States District Court
W. D. Texas,
San Antonio Division.

May 3, 1968.

Arthur H. Bayern, Remy, Schiller & Bayern, San Antonio, Tex., James D. Cunningham, Tinsman & Cunningham, San Antonio, Tex., for plaintiffs.

R. H. Mercer, House, Mercer, House & Brock, San Antonio, Tex., for defendant.

OPINION

SPEARS, Chief Judge.

This is a suit for damages resulting from injuries sustained in an automobile collision.

Plaintiffs have filed certain interrogatories in this case under Rule 33 of the Federal Rules of Civil Procedure inquiring as to the existence of insurance coverage and the extent of said coverage. The interrogatories filed herein are the identical interrogatories set out in the opinion of the court in Hurley v. Schmid, 37 F.R.D. 1 (D.C.Or.1965). Plaintiffs have also filed a motion to produce the statements of all witnesses, whether written or electronically recorded, under the provisions of Rule 34 of the Federal Rules of Civil Procedure.

As to the question of discovering the existence and extent of insurance coverage, the authorities throughout the United States in the Federal Courts are in conflict. Judge Holtzoff of the District of Columbia has collected a number of the authorities, both pro and con, in his opinion in the case of Cook v. Welty, 253 F.Supp. 875 (D.D.C.1966). Another case which contains an extensive bibliography of many of the pertinent cases is Johanek v. Aberle, 27 F.R.D. 272 (D.C.Mont.1961).[1]

Since *Welty*, other federal cases have allowed discovery of policy limits, some of them being Slomberg v. Pennabaker, 42 F.R.D. 8 (M.D.Pa.1967); Hodges v. Heap, 40 F.R.D. 314 (D.N.D.1966); and Mahler v. Drake, 43 F.R.D. 1 (D.S.C. 1967). In addition there have been a number of state court decisions which have allowed this, the most recent being Ellis v. Gilbert, 19 Utah 2d 189, 420 P.2d 39 (1967).

This Court is of the opinion, after examining all of the authorities, that the sounder and better reasoned view, and one that follows the current trend, is that which requires disclosure of such information. See 4 Moore, Federal Practice, Section 26.16(3) at 1189 (2d Ed.1966). In this connection, it is significant to note that in the November 1967 "Preliminary Draft of Proposed Amendments to the Rules of Civil Procedure for the United States District Courts relating to Deposition and Discovery", disclosure of information concerning the insurance agreement could be required by proposed rule 26(b) (2).

Since the Court is convinced that disclosure of the information sought with respect to the insurance agreement will promote a "search for the truth", the defendant is ordered to answer the interrogatories.

Turning now to the question of the production of the statements of witnesses taken by persons representing the defendant, it is apparent that in several cases Federal Courts have ordered similar statements produced. See Crowe v. Chesapeake and Ohio Railway Company, 29 F.R.D. 148 (E.D.Mich.1961); Reynolds v. United States, 192 F.2d 987 (3rd Cir.1951), reversed on other grounds 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1952); Herbst v. Chicago R. I. & Pacific Railway Co., D.C., 10 F.R.D. 14; Szymanski v. N. Y., N. H. & H. R. Co., D. C., 14 F.R.D. 82. Some of the cases, based on Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), indicate that while statements taken by claim agents are discoverable, those taken by lawyers are not. However, proposed rule 26(b) (3) in the preliminary draft would allow the discovery of statements taken by lawyers as well as by claim agents, upon a showing of good cause.

Although this Court recognizes the distinct possibility that the proposed amendment to Rule 26 may be adopted,

1. It is interesting to note that the portions of the Montana Motor Vehicle Safety-Responsibility law, quoted by the court in Johanek v. Aberle, 27 F.R.D. 272 (D.C. Mont.1961), are almost identical to paragraphs 1, 2 and 3 of Section 21(f) of the Texas Safety Responsibility Law, Art. 6701h, Vernon's Annotated Texas Statutes.

it appears that for the present at least a modified version of what was done by Judge Fox in Leach v. Chesapeake & Ohio Railway, 35 F.R.D. 9 (W.D.Mich. 1964), is more appropriate. Accordingly, the defendant shall:

(1) Within ten (10) days from April 24, 1968, supply the plaintiffs with a list of the names and addresses of all witnesses interviewed by defendant, or anyone acting in his behalf, together with a brief statement of what each such witness says he knows about this case; it being understood that this applies to every witness known to the defendant, whether such witness is to be used at the trial by the defendant or not.

(2) At the same time that the list of witnesses herein called for is furnished, the defendant has the choice of supplying to plaintiffs the full statement (written, electronically recorded, signed, or unsigned) made by any witness himself (or in the form of notes taken during or after the interview with the witness), or refusing to do so. In the event of a refusal to furnish such statements or notations, the defendant shall promptly tender same to the Court for an *in camera* inspection. If the plaintiffs then take the deposition of any such witness, and the testimony elicited on deposition, or at the trial on the merits, is in conflict in any material respect with the statement previously made by the witness or notations made, such statement or notations will be disclosed to the plaintiffs. However, if the Court is of the opinion that there is no material difference between the witness' statement or the notations and his testimony, the statement and notations will be retained by the Court, and delivered to the Clerk of this Court for safekeeping, pending a possible appeal to the Court of Appeals for the Fifth Circuit. In the event the statements of any witness, or the notations of the interview with the witness, contain information material to the plaintiffs' side of the case, which is not developed on deposition or at the trial, then the Court will supply plaintiff with the additional information.

(3) If, in the opinion of the defendant, any such statements or notations furnished to the Court for *in camera* inspection contain material properly to be used for impeachment purposes, as opposed to substantive proof, defendant shall give the reasons he relies upon, and if the Court is in agreement, such information shall not be divulged to the plaintiffs; otherwise, it will be handled pursuant to the provision of Paragraph (2) hereof.

(4) In the event the plaintiffs take the deposition of any witness whose statement is not furnished in full to the plaintiffs, and it develops that the testimony elicited on deposition or at the trial is in material conflict with the information contained in the prior statement, or any part thereof not disclosed, the cost of taking the deposition of that particular witness will be taxed against the defendant.