**Clarence VOLLMER, Plaintiff,**

v.

**Dr. Hugo SZABO, Defendant.**

**No. C 67–395.**

United States District Court
N. D. Ohio, E. D.

Dec. 24, 1968.

Robert E. Teaford, of Teaford & Bernard, Columbus, Ohio, for plaintiff.

Harley J. McNeal, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge:

By order dated September 26, 1968, this Court granted plaintiff's motion to compel the defendant to answer certain of plaintiff's interrogatories. These interrogatories, Nos. 17 and 18, related to the question of the defendant's automobile liability insurance in effect at the time of the collision which produced this lawsuit. Defendant has now moved the Court to reconsider its order of September 26.

Both the cases and commentators are sharply in conflict on the question of whether defendant's liability insurance coverage is subject to discovery in the situation when the insurance coverage is not itself admissible and does not bear on another issue in the case. Examples of federal cases requiring disclosure are: Cook v. Welty, 253 F.Supp. 875 (D.D.C.1966); Johanek v. Aberle, 27 F.R.D. 272 (D.Mont.1961). Examples of federal cases refusing disclosure are: Bisserier v. Manning, 207 F.Supp. 476 (D.N.J.1962); Cooper v. Stender, 30 F.R.D. 389 (E.D.Tenn.1962).

The trend in the law appears to be in favor of permitting discovery of the defendant's liability insurance coverage. The proposed amendments to the Rules of Civil Procedure for the United States District Courts, which were adopted by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States in November, 1967, include provisions permitting discovery of liability insurance. These proposed amendments have been approved by a number of state bar associations and other organizations, including the Committee on Federal Practice of the Ohio State Bar Association.

The proposed amendments represent the better view on this issue:

"Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation. It will conduce to settlement and avoid protracted litigation in some cases, though in others it may have an opposite effect. The amendment is limited to insurance coverage, which should be distinguished from any other facts concerning defendant's financial status (1) because insurance is an asset created specifically to satisfy the claim; (2) because the insurance company ordinarily controls the litigation; (3) because information about coverage is available only from defendant or his insurer; and (4) because disclosure does not involve a significant invasion of privacy." Preliminary draft of proposed amendments to Rules of Civil Procedure of the United States District Courts, Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, November, 1967.

Although the proposed amendments to the Federal Rules are directed toward eliminating any controversy with respect to this issue, the rules as they are presently phrased are broad enough to support a conclusion either way. This is evident from the above-cited cases which permitted the disclosure under the rules as presently constituted.

This Court is of the opinion that the discovery by the plaintiff of the defendant's automobile liability insurance is a proper exercise of the discovery rules.

In an automobile case in which insurance is present, the real party in interest on the defense side is the insurance company. It is the insurance company which provides counsel for the defense. It is the insurance company which directs the defense; and it is the insurance company which normally pays the cost of the defense and of the judgment, if any. The extent of the interest of this real party to the litigation is a matter of great concern to the plaintiff. The non-disclosure of this information represents at best a tactical interest and advantage of the defense. Permitting disclosure will further the purpose of the Federal Rules in providing a speedy and just termination of the issues on the merits. It will avoid the element of surprise which the Federal Rules seek to eliminate from litigation, and it will further the amicable resolution of the conflicting interests of the parties. The discovery of liability insurance bears no real relation to the financial condition of the defendant or of his insurance company. It is not an area of special privacy irrelevant to the litigation. Although the issue of liability insurance does not relate to the merits of the particular issues of the accident or collision itself, it does bear a great relation to the conduct of this litigation.

The Court is, therefore, of the opinion that the preferable construction of the Federal Rules of Civil Procedure as presently constituted, specifically Rule 26 and Rule 33, is to permit discovery by the plaintiff of the defendant's liability insurance coverage.

It is, therefore, ordered that the defendant's motion for rehearing and reconsideration is overruled.