## Groce v. Hile

*Martin E. Cusick*, for plaintiff.

*William C. Kuhn*, for defendant.

STRANAHAN, P. J., January 30, 1969.—This is an automobile accident case arising out of the death of Darrell Eugene Groce.

During the preparation of the case interrogatories were presented by plaintiff pursuant to Rule 4005 of the Pennsylvania Rules of Civil Procedure. Among the interrogatories were the following:

Interrogatory no. 6:

"On that date did you have a public liability insurance policy covering bodily injury and damage to the property of others? If your answer is in the affirmative, state the name of your insurance carrier, also the limits of liability for bodily injury for one claim and the limits for multiple claims, also the limits for property damage claim. Attach a copy of the policy to your answer".

Interrogatory no. 25:

"State whether or not you have made inquiry of that person (a third party) whether he or she was covered by public liability and property damage insurance".

Interrogatory no. 26:

"If so, state the name of the insurance carrier and the limits of coverage for bodily injury and property damage".

Defendant has filed an objection to interrogatories under Pa. R. C. P. 4005(b), in which he objects to

interrogatories nos. 6, 25 and 26, on the ground that said interrogatories make inquiry as to matters that are irrelevant, immaterial, incompetent, prejudicial and inadmissible as evidence.

This court has before it the problem of whether it should allow an adverse party to discover if liability insurance is carried, the amount carried, the company with which it is carried and whether it should permit an examination of the policy itself.

To understand the problem, the applicable Pennsylvania Rules of Civil Procedure must first be considered.

Rule 4007 of the Pennsylvania Rules of Civil Procedure dealing with discovery depositions, and the scope of examination, provides in part as follows:

, "(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation . . . or trial of the case".

Pennsylvania Rule of Civil Procedure 126 provides in part that the rules are ". . . to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable". For this purpose "the rules shall be liberally construed".

Until recently this question has not been litigated frequently in Pennsylvania, and those cases in which it was raised were resolved by the refusal of the court to allow such discovery.

In reviewing the earlier Pennsylvania cases the position of the court was that such information was irrelevant, and therefore not allowable.

The case of Covert v. Cingolani, 1 Butler 65 (1956), is an opinion written by the late President Judge Shumaker, in which he holds that this information is irrelevant because the sole issues in a trespass case of this type are negligence, contributory negligence, proximate cause and damage. Since this information does not pertain to any of those issues the Court holds that it is irrelevant. The opinion cites Kaplan v. Loev, 327 Pa. 465 as authority.

The case of Kaplan v. Loev, supra, deals with the question of whether insurance is admissible at the time of trial, not whether it was information that could be obtained by interrogatories. Under the earlier cases the standard of relevancy was measured by that which applied at the time of trial. Applying this reasoning if it was irrelevant at the time of trial it was irrelevant under Rule 4007 (a).[1]

The case of Howell v. Spatz, 14 D. & C. 2d 295 (1958) contains an opinion written by Groshens, J. of Montgomery County, in which the information sought to be obtained is refused because the court feels it is privileged under Article I, sec. 8, of the Pennsylvania Constitution which provides in part:

". . . shall be secure in their . . . papers . . . from unreasonable searches. . . ."

Judge Groshens also rules that the information is irrelevant and therefore not available to the party seeking it.

Since these two cases there has been some activity by the United States District Court. In Rosenberger v. Vallejo, 30 F.R.D. 352 (1962), Judge Gourley resolved the problem by ruling that each case must be governed on its own merits. In this opinion the court rules that cases where liability is substantially in is-

---

[1] In the commentary on Rule 4007 (a) Goodrich-Amram Civil Practice, page 117: "The standards of relevancy must be those which will apply at the trial".

sue can be distinguished from those cases where there is little question of liability, and while information as to insurance might be denied in the former it could well be granted in the latter type of case.

In Slomberg v. Pennabaker, 42 F.R.D. 8 (1967) Judge Follmer of the United States District Court for the Middle District of Pennsylvania has written an extensive opinion in which he reviews the arguments on both sides and concludes that the fact of insurance, the amount of insurance, the company carrying the insurance, and the terms of the insurance policy are matters which should be disclosed on deposition.[2]

A recent opinion in the case of Waksman v. Walker, written by Judge Ullman of the Philadelphia Bench, appears in 44 D. & C. 2d 1. This opinion is extremely well written and contains an exhaustive review of the various arguments pro and con and the authorities who have discussed this question. This opinion concludes that the information desired concerning insurance should be available to the party seeking it by interrogatories.

In analyzing Rule 4007 (a) it appears the test to be applied is:

(a)  Is the matter privileged?

(b)  Is it relevant to the subject matter involved in the action?

(c)  Will it substantially aid in the preparation or trial of the case?

If these three questions can be answered in the affirmative then discovery should be allowed.

With the possible exception of Howell v. Spatz, supra, we can find no case that indicates the matter is

---

[2] Fed. R.C.P. No. 26 (b) is broader than Pa. R.C.P. 4007 (a) and provides in part: "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence".

privileged. We do not believe that this matter is any more privileged than the matters inquired into in the discovery procedure used in aid of execution, replevin, attachment execution, etc. All of these procedures are accepted and are firmly established in Pennsylvania law. We conclude the matter of insurance coverage is not privileged.

The crux of this matter is whether the word "relevancy" is to be used to mean "admissible as evidence upon a trial" or whether it means "pertaining to the entire subject matter between the injured party and the insured defendant. If it is given the latter connotation then the question of insurance is relevant and does substantially aid in the preparation or trial of the case.

See Johanek v. Aberle, 27 F.R.D. 272 (1961).

The trial of personal injury cases requires the utmost practicability. Whether a substantial verdict can be recovered is of prime concern, not after judgment is obtained, but from the time that the suit is commenced. It continues through pretrial negotiations and influences the manner of preparation and trial of the case. An example of this might well be that plaintiff would expend additional money to obtain medical experts, surveys and diagrams or other evidence favorable to his cause if he knows there is ample coverage. All of this has great practical relevancy in the preparation and evaluation of the case.

If we conclude that such information is relevant, and we do so conclude, then for the same reason we must conclude that it is a "substantial aid" in the preparation of the case.

It may well be that the appellate courts of Pennsylvania will resolve this problem, but it is somewhat difficult at this time to understand how this issue will be presented to the higher courts. Meanwhile Mercer County must take a position in this matter which will

clarify the confusion that may exist in the county, and will at least establish the law within the boundaries of our county.

This court believes that the information concerning insurance should be made available to discovery by the use of interrogatories.

Rather than reviewing all of the cases dealing with this problem a more orderly method is to consider the arguments against the divulgence of insurance, which can be extracted from the cases.

One of the principal arguments against disclosure is that it is not relevant to the issues of the case, nor can it reasonably lead to discovery on any relevant issue, to wit: negligence, causation or damages. This argument basically is that if the evidence is not admissible at trial then it should not be admissible by interrogatories. As pointed out above it appears that at least some courts have abandoned this argument and have adopted the position that information other than that which bears evidentiary significance may be discoverable when procedural efficiency so demands.

As the court points out in Waksman v. Walker, supra, page 3, "A judicial system should and must respond to its own needs".

The opponents of discovering insurance coverage also argue that the insurance policy limits are discoverable after judgment, and that there is no need to make them discoverable before the judgment is obtained. This argument is not impressive since it would appear that if the policy limits are relevant at one stage of the issue that they should be relevant at all stages of the suit. The advantages of making this information available early in the litigation outweigh the advantages of withholding this information until the judgment is obtained, for the reasons already considered.

Other arguments used by the opponents of disclo-

sure are that since plaintiff cannot discover defendant's assets before trial why should he discover the defendant's insurance coverage. The answer to this argument is that the purpose of an insurance policy is to protect the defendant and the general public, including the plaintiff, in the event defendant is involved in an automobile accident and incurs liability. For this reason it is not the same as the other assets that plaintiff may own. In addition to this, as a practical matter, it is possible for plaintiff upon diligent investigation to determine with some degree of certainty the approximate assets that plaintiff may have, including real estate, personal property and general financial reputation in the community. The amount of insurance coverage, however, cannot be determined by general inquiry.

The final argument against disclosing insurance coverage is that it discourages rather than encourages settlements. With this we cannot agree. It has been this court's experience that the disclosure of policy limits of insurance has a general tendency to promote settlements, especially in those cases where the demand is in excess of the coverage.

One of the arguments used for the allowance of information concerning insurance is that it facilitates the settlement of cases, and therefore relieves court congestion. While we are not confronted with that problem in Mercer County, we cannot become overconfident, because it is obvious that the amount of litigation is increasing.

In Slomberg v. Pennabaker, supra, p. 11, the court says:

"The whole purpose of litigation is to produce results fair to both sides, not to play a game of hide and seek".

The history of procedural rules governing civil litigation during the past 10 years has been to require the

96

parties to divulge all information that aids in fairness and is conducive to justice. We believe that this is but another step in that direction, and that the advantages of requiring this information to be divulged far outweigh the disadvantages.

This decision does not affect the rule that plaintiff may not disclose to the jury the fact that defendant is covered by liability insurance. This prohibition will continue in Mercer County and will be strictly enforced.

ORDER

And now, January 30, 1969, the objections filed by defendant to interrogatory no. 6, interrogatory no. 25 and interrogatory no. 26 are overruled, and defendant is directed to answer said interrogatories.