## Senneca v. Bird

*Martin D. Cohen,* for plaintiffs.
*Stanley E. Stettz,* for defendant.

PALMER, P. J., December 7, 1970.—This matter is before the court en banc on defendant's objections to the following interrogatories of plaintiff concerning defendant's insurance coverage:

"(1) What are the limits under the policy of insurance covering the automobile driven by the defendant, Gordon Bird, Jr.?

"(2) What are the policy limits of the medical pay coverage of the automobile insurance policy covering the defendant, Gordon Bird, Jr.?"

Pennsylvania Rule of Civil Procedure 4005 grants any party the right to information available to an adverse party which "may relate to any matters which can be inquired into under Rule 4007." Relevantly, rule 4007(a) provides:

"(a) Any party may take the testimony of any person including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

Briefly, defendant's position is that the interrogatories are improper for three reasons: (1) The information sought is not "relevant to the subject matter involved in the action" within the compass of rule 4007(a); (2) the information sought will not "substantially aid in the preparation of the pleadings or the preparation or trial of the case," and (3) the information sought is privileged.

There is no decision of the appellate courts of this Commonwealth bearing directly on these issues. The appellate courts of other States are in disagreement over similar or identical questions of construction of analogous procedural rules, and, prior to the adoption of an amendment to the Federal Rules of Civil Procedure permitting disclosure, similar discord existed in the Federal courts. The history of the resolutions of these issues may be gleaned from annotations in 41 A.L.R. 2d 968, 13 A.L.R. 3d 822, 2A Barron & Holtzoff, sec. 647.1, and Goodrich-Amram Standard Pa. Prac., sec. 4007(a)—19, et seq.

The courts have taken three positions: (1) Disclosure may never be compelled where insurance is not directly in issue (McClure v. Boeger, 105 F. Supp. 612 (E.D. Pa., 1952)); (2) disclosure may be compelled in every case (Cook v. Welty, 253 F. Supp. 875 (D. C. District of Columbia, 1966)); (3) disclosure may be compelled only in certain circumstances where insurance is not directly in issue, e.g. Rosenberger v. Vallejo, 30 F.R.D. 352 (W.D., Pa., 1962).

In light of the disagreement on the issues, it is not surprising that the lower courts of Pennsylvania have split on the question of disclosure of insurance policy limits. On the side of disclosure[1] are Waksman v. Walker, 44 D. & C. 2d 1 (Phila., 1968); Groce v. Hile, 46 D. & C. 2d 89 (Mercer, 1969); Berek v. Smock, 46 D. & C. 2d 221 (Mercer, 1969); Dashem v. Morehead, 46 D. & C. 2d 563 (Centre, 1969), and taking the view that disclosure cannot be compelled are Covert v. Cingolani, 1 Butler 65 (1956); Howell v. Spatz, 14 D. & C. 2d 295 (Montgomery, 1958); Toogood

---

[1] There are, in addition, several unreported opinions in Philadelphia County allowing disclosure, some of which are listed in footnote 12 of Judge Sporkin's opinion in Toogood v. Watkins, 46 D. & C. 2d 365, 382 (1969).

v. Watkins, 46 D. & C. 2d 365 (Phila., 1969); Cipparone v. Kosloski, 46 D. & C. 2d 365 (Phila., 1969); Borennle v. Stitt, 47 D. & C. 2d 644 (Armstrong, 1969); and Sperath v. Thomas, 48 D. & C. 2d 309 (1969). Apparently no lower court in this State has yet adopted the "middle position" requiring disclosure under certain circumstances, as enunciated in Rosenberger v. Vallejo, 30 F.R.D. 352 (W.D., Pa., 1962) and discussed approvingly in Pruitt v. M. V. Patignies et al., 42 F.R.D. 647 (E.D., Mich., 1967).

After careful consideration of the legal arguments on both sides bearing on the issues raised by defendant, this court adopts the view that disclosure of the existence and limits of defendant's insurance policy may be compelled under the Rules of Civil Procedure under all circumstances. In so deciding, we are guided by the axiom that the Pennsylvania Rules of Civil Procedure should be "liberally construed to secure the just, speedy and inexpensive determination of every action or proceedings to which they are applicable": Pa. R.C.P. 126. So construed, the "subject matter," within the scope of rule 4007, of a law suit for damages for personal injuries is a collectible money judgment. Since an insurance policy exists primarily for the purpose[2] of paying those members of the public who are injured as a result of the activities of the insured and since, in its absence, reparation is often impossible, it is futile to contend that the existence and amount of defendant's insurance coverage is irrelevant to the subject matter of such a lawsuit. No useful purpose would be served by rehearsing the legal

---

[2] It is undeniable that the primary motivation for obtaining liability insurance—as distinguished from the purpose of such insurance—is the desire of the insured to protect his assets from judgments obtained by innocent, injured victims of the insured's negligence.

arguments which have been analyzed and reiterated in the numerous decisions of the courts of this State and elsewhere. This ruling is not, of course, intended in any way to modify the existing prohibition against mention of coverage to the jury: Trimble v. Merloe, 413 Pa. 408 (1964).

While we hold a plaintiff has the right to obtain from a defendant information as to the existence and amount of insurance coverage, this right is not unconditional. Thus, a corollary of our view that disclosure may be an aid in the settlement of cases is our conviction disclosure will not precipitate settlement unless plaintiff has first communicated to defendant a realistic demand. By "realistic demand" we mean a demand which is not so grossly excessive as to impede settlement negotiations.

If such demand has been made before pretrial, plaintiff has the right, by discovery, to be informed of the coverage. Should plaintiff's counsel and defendant's counsel disagree as to whether plaintiff's demand is, in fact, a "realistic demand," defendant may resist disclosure until the pretrial conference, when the pretrial judge shall either determine that the demand is such that plaintiff is entitled to disclosure and to compel it, or determine it is not such as would entitle plaintiff to disclosure and refuse it until such time as plaintiff shall present defendant with a realistic demand.

If no realistic demand is made before pretrial and an application is made at pretrial for disclosure, the pretrial judge shall first require plaintiff to make a realistic demand and determine whether it is, in fact, such as to require disclosure.

In the instant case, after plaintiffs unsuccessfully sought to ascertain defendant's policy limits by discovery, the case was pretried by Grifo, J. At pretrial

counsel for plaintiffs stated minor plaintiff, a guest passenger in an automobile driven by defendant, was injured when the automobile left the highway and struck a tree. The alleged injuries consisted of "abrasions, contusions and lacerations of the entire body, including the face; fracture of the frontal bone, myorrhaphy, a concussion and linear scar fracture, all of which resulted in headaches and dizziness for an extended period of time." Minor plaintiff was hospitalized from July 17 to July 27, 1969. Counsel stated that as a result of the accident minor plaintiff was scarred about the forehead and nose. At the time of the pretrial, two operations had been performed and three more were required to incise the scars. The out-of-pocket and future medicals totaled $1,722.11. It was also averred there will be permanent scars to the minor plaintiff's forehead.

At pretrial, plaintiffs' counsel made a demand of $25,000, or 90 percent of the policy limits, whichever is less. Since we are of the unanimous opinion this was a "realistic demand," as we have defined that term, the preliminary objections must be dismissed.

### ORDER OF THE COURT EN BANC

And now, December 7, 1970, defendant's preliminary objections are denied and dismissed in accordance with the foregoing opinion.