Leonard Leigh Finz, J.
This is probably among the first decisions on an application for a discovery of insurance policies pursuant to CPLR 3101 (subd [f]) which became effective August 6, 1975. This section is a verbatim re-enactment within the State of New York of rule 26 (subd [b], par [2]) of *806 the Federal Rules of Civil Procedure (US Code, tit 28, Appendix) which has been in effect for several years and which provides that a party may obtain discovery of the existence and contents of an insurance policy. By the enactment of CPLR 3101 (subd [f]), the decisional controversy heretofore existing has for the present been laid to rest. In this regard, the commentaries addressed to rule 26 of the Federal rules have some relevance regarding its rationale and therefore warrant recital:
"The cases favoring disclosure rely heavily on the practical significance of insurance in the decisions lawyers make about settlement and trial preparation. In Clauss v. Danker, 264 F. Supp. 246 (S.D. N.Y. 1967), the court held that the rules forbid disclosure but called for an amendment to permit it.
"Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation. It will conduce to settlement and avoid protracted litigation in some cases, though in others it may have an opposite effect. The amendment is limited to insurance coverage, which should be distinguished from any other facts concerning defendant’s financial status (1) because insurance is an asset created specifically to satisfy the claim; (2) because the insurance company ordinarily controls the litigation; (3) because information about coverage is available only from defendant or his insurer; and (4) because disclosure does not involve a significant invasion of privacy.” (US Code Serv L Ed, Fed Rules of Civ Pro, pp 408-409.)
The plaintiff in a personal injury action is interested primarily in the existence of liability insurance, the name of the insurance company and the policy limits (Szarmack v Welch, 456 Pa 293) unless the party seeking discovery can show some reason why additional information is required. Upon inquiry, however, it appears that even under the Federal rules some dispute continues as to the method and procedure to be followed in complying with the subject provision. The following mechanics and standards of procedure are suggested, therefore, for such discovery that would satisfy CPLR 3101 (subd [f]): (1) a confrontation on notice to the parties and their attorneys wherein the policy or policies may be exhibited for inspection; or (2) a certified or true copy of the policy to be submitted to the demanding party; or (3) the demanding party to be furnished a statement under oath containing such *807 information as he may require addressed to the existence and contents of the subject insurance policy.
Accordingly, this motion is granted. It is directed that a discovery of the defendants’ insurance policies be had at Special Term, Part 2, of this court on December 3, 1975 at 10:00 a.m. unless the parties shall agree in advance of that date that the plaintiff will accept a certified or true copy of the said policies or a statement under oath as to the insurance limits of the said policies.